UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: LYFT, INC. PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3171 |
| | Case No. 26-md-03171-RFL |
| This document relates to: ALL ACTIONS | **PRETRIAL ORDER NO. 1** |

The Judicial Panel on Multidistrict Litigation ("the Panel") has transferred to this Court certain lawsuits alleging sexual assault or harassment as a result of Lyft's failure to implement appropriate safety precautions to protect passengers. The Court orders as follows:

1. **Applicability of Order.** The provisions of this Order shall govern the practice and procedure in the actions transferred to this Court for pretrial proceedings as part of MDL No. 3171. This Order also applies to all related cases filed in the Northern District of California and all "tag-along" actions later filed in, removed to, or transferred to this Court. *See* Panel Rule 1.1(h).

2. **Consolidation.** The civil actions governed by this Order are consolidated for pretrial purposes. Any tag-along action transferred to this Court or filed in this District will be automatically consolidated with this action without the need for future motions or orders. Pretrial consolidation does not mean the actions should be consolidated for trial, nor does it make

any entity a party to an action in which it wasn't named, served, or added in accordance with the Federal Rules of Civil Procedure. To facilitate consolidation, all parties to this MDL must notify the Panel of any related or tag-along action of which they are or become aware. *See* Panel Rules 7.1, 7.2.

3.  **Master docket file.** The Clerk of Court will maintain a master docket case file under the style "In Re: Lyft, Inc. Passenger Sexual Assault Litigation" and the identification "MDL No. 3171." When a pleading applies to all actions, this shall be indicated in the caption by the words "This document relates to: ALL ACTIONS." When a pleading applies to only certain actions, this shall be indicated in the caption by the words "This document relates to: [individual case(s), as identified by this Court's case number(s)]."

4.  **Filing.** Each attorney of record must become a Northern District of California ECF user with a user ID and password. If counsel has not already done so, counsel must register immediately and be issued a user ID and password. Forms and instructions can be found on the Court's website at www.cand.uscourts.gov/cm-ecf. All documents must be filed in the master docket, 25-md-3171. Documents that pertain to only certain actions must also be filed in the individual cases to which the document pertains. Registration instructions for pro se parties who wish to e-file can be found at the same link above.

5.  **Appearances.** Counsel who appeared in a transferor court prior to transfer don't need to enter an additional appearance before this Court. However, counsel that are not admitted to practice before the Northern District of California must file an application to be admitted pro hac vice. *See* N.D. Cal. Civ. L.R. 11-3. The requirement that pro hac vice counsel retain local counsel is waived. Counsel are advised that, in this context, the Court typically requires in-person as opposed to remote appearances for those wishing to participate at a hearing, though nonparticipants may listen to audio from the proceeding.

6.  **Response extension and stay.** Defendant is granted an extension of time for responding by motion or answer to the complaints until a date to be set by this Court. Pending further order of this Court, all outstanding discovery proceedings are stayed, and no further

discovery shall be initiated.

7. **Point of contact.** Before the initial case management conference, counsel for Plaintiffs shall confer and seek consensus on the selection of a point of contact. This point of contact will only help arrange the initial conferral among counsel to prepare the submissions and handle initial administrative matters on behalf of Plaintiffs. For example, the point of contact shall be authorized to receive orders and notices on behalf of all Plaintiffs and shall be responsible for the preparation and transmittal of copies of such orders and notices to all Plaintiffs. The expenses incurred as the point of contact shall be shared equally by all Plaintiffs.

8. **Lead counsel.** The Court anticipates appointing a Plaintiffs' lead counsel to coordinate and conduct pretrial activities. The Court requires individual applications for a lead counsel position, and any attorney who has filed an action in this MDL may apply. Applications must be filed in the master docket by **February 26, 2026**.

Each attorney's application must include a resume not exceeding two pages, a letter not exceeding three pages (single-spaced), and a case plan not exceeding five pages (single-spaced). The letter should address:

   i. professional experience in this type of litigation, including MDL experience as lead or liaison counsel and/or service on any plaintiffs' committees or subcommittees;
   ii. professional experience and familiarity with the subject matter of this litigation;
   iii. the names and contact information of judges before whom the applicant has appeared in the matters discussed in response to (i) above;
   iv. present and future ability to commit to time-consuming litigation;
   v. ability and willingness to work cooperatively with others;
   vi. resources available to prosecute this litigation in a timely manner; and ability to maintain reasonable fees and expenses.

The case plan should address, generally, a plan to sequence and handle the litigation efficiently,

particularly in light of the number of individual state laws that will likely need to be applied. The case plan should also discuss a potential common benefit fund approach, recognizing that substantial resources have already been expended in the California state court coordinated proceeding, and whether any form of alternative dispute resolution would be productive relating to that issue.

Applications may also include an attachment indicating the names of other counsel who have filed cases in this MDL or potential tag-along actions and who support the applicant's appointment as lead counsel.

Responses or objections must be filed in the master docket by **March 12, 2026**. Applicants and objectors will have the opportunity to address the Court briefly in person at the initial case management conference. The Court will appoint lead counsel as soon as possible thereafter. Counsel should be prepared to discuss the appropriate organization structure (e.g., steering committee) at the initial case management conference.

9. **Initial case management conference.** An initial case management conference will be held on **March 25, 2026, at 1:00 pm**, in Courtroom 15, 18th Floor, 450 Golden Gate Avenue, San Francisco, California. The case management conference will include discussion of the following matters:

   i. The appointment of lead counsel for Plaintiffs, and any further needs for organizational structure;
   ii. the responsibilities and authority of lead counsel;
   iii. the status of all litigation pending in this MDL matter;
   iv. any previously entered scheduling or other orders that should be stayed or vacated;
   v. priority claims and defenses likely to be presented;
   vi. factual and legal threshold issues likely to be presented;
   vii. whether consolidated pleadings should be prepared and a schedule for such;
   viii. a process for handling requests to proceed under a pseudonym;

      ix.    a process for handling motions to remand;

      x.    a plan and schedule for exchange of information about the factual bases for parties' claims and defenses;

      xi.    the possibility of bifurcating proceedings to address threshold issues before any plaintiff-specific questions;

      xii.    a schedule for discovery and any agreements concerning the use of discovery from the California state court coordinated proceeding;

      xiii.    steps taken to preserve relevant evidence, including electronically stored information;

      xiv.    whether any matters should be referred to a magistrate judge or master other than discovery, which the Court tentatively intends to refer to Magistrate Judge Lisa Cisneros (who is handling discovery in the Uber Passenger Sexual Assault MDL);

      xv.    a proposed schedule for alternative dispute resolution, including whether to select a settlement master now;

      xvi.    a plan for establishing a website accessible to counsel, parties, the public, and the press free of charge, which should include a list of dates and times of upcoming proceedings, along with significant court orders and other documents;

      xvii.    the topics listed above for the case plan; and

      xviii.    any topics not already listed but included in Federal Rule of Civil Procedure 16.1(b).

10.    **Case management statements.**  Plaintiffs and Defendant shall each file a single, consolidated case management statement no later than **March 12, 2026**.  These statements will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings.  Statements must address the above subjects this Court has set for discussion at the initial case management conference, as well as those in Rule 16.1(b).

Statements also must include a summary position statement indicating their preliminary understanding of the key facts involved in the litigation and the critical factual and legal issues. If the parties wish to discuss any other matters at the initial case management conference, they should lay the groundwork for that discussion in their case management statements. The parties shall be limited to one such submission for all Plaintiffs and one such submission for Defendant. The submissions are not to exceed twenty pages double-spaced.

11. **Summary of status of member cases and the California state court coordinated proceeding.** Defendant shall prepare a summary of the procedural history of the California state court coordinated proceeding, including key orders, a description of any alternative dispute resolution undertaken, significant discovery issues and their resolution, and the case schedule. Defendant shall also prepare a chart listing all member actions in this federal MDL and all potential tag-along actions of which it is aware. The chart shall list the case number; case name; law firm(s) representing Plaintiff; the state where the incident took place; Plaintiff's state of residence; alleged incident type (e.g., non-consensual sexual penetration, non-consensual touching of a sexual body part, non-consensual touching of a non-sexual body part, non-consensual kissing, masturbation/indecent exposure, comments/gestures or verbal threat of sexual assault, etc.); and current procedural posture and any pending motions. Defendant shall provide Plaintiffs' counsel in the member cases and potential tag-alongs a draft of these summary documents by **February 26, 2026**, and Defendant shall file the summary documents after meeting and conferring about any suggested edits by **March 12, 2026**. In the event that the parties cannot agree on the content of the summary, Defendant shall include Plaintiffs' notations as to the areas of disagreement. The chart shall also be sent to the Court's proposed order inbox as an Excel document. These summary documents will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings.

12. **Conference appearances.** Counsel intending to participate at the initial case management conference must appear in person. Plaintiffs with similar interests may, without waiving defenses or affecting future representation, agree on a single attorney to attend the

conference on their behalf.  Those not actively participating in the conference may listen to it through Zoom using the link on the Court's website at https://cand.uscourts.gov/judges/rfl/lin-rita-f.

       13.       **Pending motions and discovery.**  All pending motions must be renoticed once the Court sets a schedule for such motions.  Any orders previously entered by a transferor court—including protective orders and evidence-preservation orders—shall remain in effect until this Court orders otherwise.

       14.       **Preservation of evidence.**  Until the parties reach an agreement on a preservation plan for all cases or the Court orders otherwise, each party shall take reasonable steps to preserve all evidence that may be relevant to this litigation.  Counsel, as officers of the court, must exercise all reasonable efforts to notify parties and nonparties, including the employees of corporate or institutional parties, of their preservation obligations.

       15.       **Communication with the Court.**  Unless otherwise ordered, all substantive communication with the Court must be written and e-filed.  The Court recognizes that cooperation between Plaintiffs' counsel is essential for resolving this complex litigation in an orderly and efficient manner.  To that end, sharing information between Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the work-product protection, and cooperation of this kind shall not be used against any Plaintiff by Defendant.  Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or work-product protection.

       16.       **Settlement Master**.  All parties are invited to file any suggestions of person(s) to appoint as Special Settlement Master.  The submissions must be filed by **March 5, 2026** and each submission shall not exceed three pages.  Any responses/objections and/or support for persons suggested by other parties shall be filed by **March 12, 2026** and shall not exceed two pages.

       **The Court orders Defendant to serve a copy of this order on counsel for Plaintiffs in

the potential tag-along cases.  Service shall be effected by **February 19, 2026**, and Defendant shall, by the same date, file a proof of service certifying such.

**IT IS SO ORDERED.**

Dated: February 12, 2026

_____<br>
RITA F. LIN<br>
United States District Judge