[Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: LYFT, INC. PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | No. 3:26-md-03171-RFL<br><br>**STIPULATED AND [~~PROPOSED~~]<br>PRETRIAL ORDER NO. 3: DIRECT FILING** |

## I.   SCOPE OF ORDER

This Order shall govern all actions in the above-captioned MDL proceeding to the extent set forth herein that are directly filed in this District as a member case of the MDL after the date of this Order.

## II.   DIRECT FILING OF ACTIONS INTO THE MDL

**A. Direct Filing.** To eliminate potential delays associated with transfer to this Court of actions filed in or removed to other federal district courts, and to promote judicial efficiency, any Plaintiff who alleges that he or she was matched with a driver through the Lyft platform, that the driver sexually assaulted him or her in connection with a ride through the platform, and the alleged incident occurred in the United States, may, subject to the provisions set forth below, file his or her action against Lyft, and additional defendants, if any, directly in this District as a member case of the MDL, rather than in the federal district court in which the Plaintiff would have filed their case in the absence of this direct filing Order.

**B. Pretrial Proceedings Only; No *Lexecon* Waiver.** Each action filed directly in this District will be deemed related to and become a member case in the MDL for pretrial proceedings only, consistent with the Judicial Panel on Multidistrict Litigation's February 5, 2026 transfer order (ECF 1). Plaintiffs' and Lyft's agreement to this Order does not constitute a waiver of any party's rights under *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). Nothing in this Order, however, shall preclude the parties from agreeing to such waivers in the future. Further, for avoidance of doubt, any case directly filed into the MDL shall be subject to the provisions of all prior or subsequent Orders of the Court.

**C. Designated Forum.** Each case filed directly in this District as a member case of the MDL must plead the following in the leading paragraph of the complaint:

This complaint is filed pursuant to Pretrial Order No. 3: Direct Filing.  Plaintiff hereby designates the United States District Court for the _____ as Plaintiff's home venue as this case may have originally been filed there because:

☐ Plaintiff currently resides in _____ (city), _____ (state);

☐ Plaintiff's at-issue ride and claimed assault is alleged to have occurred in

[PROPOSED] PRETRIAL ORDER NO. 3: DIRECT FILING
CASE NO. 3:26-MD-03171-RFL

_____ (city), _____ (state);

☐ A substantial portion of other events or omissions giving rise to Plaintiff's claim occurred there. Specifically:

_____;

☐ Other: _____.

A Plaintiff's designation shall not, standing alone, constitute a determination by this Court that personal jurisdiction or venue is proper in the designated forum. Nothing in this Order precludes Defendant from moving to transfer a member case from either the venue in which the case was filed or the venue the Plaintiff designated following the direct filing of their complaint in this MDL. To conform with the JPML's process for noticing potential tag-along actions, Defendant reserves the right to object to the inclusion of any direct-filed action in the MDL. In the event Defendant has an objection to the inclusion of any such case, Defendant will meet and confer with Plaintiffs' Leadership and Plaintiff's counsel in the member case and may raise its objection with the Court in the event the meet and confer process is unable to resolve the issue. Barring objection from Plaintiff, Lyft, or any other defendant(s), at the completion of all pretrial proceedings, and subject to (1) any prior determinations by the Court as to the proper forum for a particular action, and (2) any agreement that may be reached concerning a waiver of the requirements for transfer pursuant to *Lexecon*, the Court will transfer any direct filed cases to the home venue identified in each Plaintiff's complaint, or to another district jointly requested by the parties to the action. The parties reserve all rights with respect to the proper venue for remand and any post-remand jurisdictional, venue, or forum challenges or motions, including pursuant to 28 U.S.C. § 1404(a).

**D. Choice of Law.** Filing an action as a member case of the MDL pursuant to this Order will not determine the applicable choice of law, including the choice of law for any of the claims in the action and for statute-of-limitations purposes. The parties' agreement to this Order shall not constitute a waiver of or agreement to the application of any choice-of-law principles or substantive choice of law to a particular Plaintiff's action. Choice of law issues are reserved and shall be briefed, as appropriate, at a later date.

**E. Electronic Filing of Complaints.** All complaints must be filed electronically. Filing of a complaint in this District requires the completion of a Civil Cover Sheet, which can be found at https://www.cand.uscourts.gov/forms/civil-forms/. When filing a complaint in this District pursuant to this Order, Plaintiff's counsel must identify the MDL Case name and number in Section VIII of the Civil Cover Sheet to ensure the case is included as a member case of the MDL. Before any Plaintiff's attorney files a complaint in this District pursuant to this Order, that attorney must become a Northern District of California ECF User and must be assigned a Northern District of California ECF login name and password in accordance with Pretrial Order No. 1. All forms and instructions may be found on the Court's website at www.cand.uscourts.gov/cm-ecf. In the event any direct-filed case is assigned to a judge other than the MDL Judge, the Parties stipulate that the matter should be related to MDL 3171 and administratively transferred into the MDL.

**F. Attorney Admission.** Immediately after filing a complaint in this District pursuant to this Order, Plaintiffs' counsel who are not admitted to practice in the Northern District of California must file an application to be admitted pro hac vice in accordance with instructions provided in Pretrial Order No. 1, as well as Northern District of California Civil Local Rule 11-3. The *pro hac vice* application shall be filed only in the underlying member case, and not in the main MDL docket. Any attorney whose *pro hac vice* application is granted in a member case has permission to appear in MDL proceedings and file in the main MDL docket. Once a counsel is admitted *pro hac vice* for any case in this litigation, that admission will suffice for any future cases filed in this MDL. Defendant's counsel who have been admitted *pro hac vice* in this MDL shall be deemed admitted *pro hac vice* in any case directly filed in this Court pursuant to this Order.

**G. Service of Process.** For complaints that are properly filed in, removed to, or transferred to this MDL, Lyft agrees to waive formal service of summons pursuant to Federal Rule of Civil Procedure 4. Service upon these entities will be deemed complete upon (1) providing copies of the Complaint, Summons, Civil Cover Sheet, and this Order to the following email address: MDL3171-service-Lyft@btlaw.com; and (2) the filing of a Notice of the Filing of a New Action on the MDL docket (3:26-md-03171-RFL) within seven days of service via email. Lyft shall send an automated response confirming receipt of Plaintiff's email. Lyft reserves the right to raise any deficiencies

with respect to the form of Plaintiff's documents as served, or the manner in which they were provided, to the extent such documents are not compliant with this Order. Barring an objection from Lyft, Lyft's automated acknowledgment shall, together with the filing of a Notice of the Filing of a New Action, constitute proof of service on Lyft. Lyft will not otherwise respond to emails sent to the above e-mail address. Plaintiffs shall make proof of electronic service to the Court as required by Federal Rule of Civil Procedure 4(1).

For all complaints filed in, removed to, or transferred to this MDL: (i) all requests for issuance of summons shall be made in the underlying member case, and not through the MDL case; (ii) all proofs of service shall be filed only in the underlying member case and not in the MDL docket. Acceptance of electronic service shall not constitute a waiver of any defense. If any Plaintiff does not receive an automated response after serving Lyft using the process set forth above, that Plaintiff or their attorney may contact Lyft's defense liaison counsel at MDL3171-Lyft-Liaison-Counsel@btlaw.com and copy Plaintiffs' Liaison Counsel at rabrams@peifferwolf.com.

**H. Filing Fees.** Internet credit card payments shall be required for all electronically filed complaints and made online through pay.gov. Plaintiff's counsel will be prompted to pay the required filing fee. Information regarding filing fees may be found at https://www.cand.uscourts.gov/ecf/payments.

**I. Response to Complaint.** Lyft, and any other defendant in any member case, need not move, plead, or otherwise respond to any complaint directly filed in this District as a member case of the MDL until So Ordered by the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: April 1, 2026                          Respectfully submitted,

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)
**PEIFFER WOLF CARR KANE
CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

[PROPOSED] PRETRIAL ORDER NO. 3: DIRECT FILING
CASE NO. 3:26-MD-03171-RFL

By: */s/ Aimee Wagstaff*
Aimee Wagstaff
**WAGSTAFF LAW FIRM**
940 N. Lincoln Street
Denver, CO 80203
Telephone: (720) 255-7623
awagstaff@wagstafflawfirm.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana
**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

By: */s/ Kristen L. Richer*
Kristen L. Richer (SBN 315883)
**BARNES & THORNBURG LLP**
2029 Century Park East, Ste. 300
Los Angeles, CA 90067
Telephone: (310) 284-3880
Facsimile: (310) 284-3894
kricher@btlaw.com

*Defense Liaison Counsel and*
*Counsel for Defendant Lyft, Inc.*

By: */s/ Nadine S. Kohane*
Nadine S. Kohane (admitted *pro hac vice*)
**BARNES & THORNBURG LLP**
390 Madison Ave., 12th Floor
New York, NY 10017
Telephone: (646) 746-2000
Facsimile: (646) 746-2001
nkohane@btlaw.com

[PROPOSED] PRETRIAL ORDER NO. 3: DIRECT FILING
CASE NO. 3:26-MD-03171-RFL

By: */s/ Beth A. Stewart*
Beth A. Stewart (admitted *pro hac vice*)
David Randall J. Riskin (admitted *pro hac vice*)
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
bstewart@wc.com
driskin@wc.com

*Counsel for Defendant Lyft, Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:  **April 2, 2026**

Hon. Rita F. Lin
United States District Court Judge

[PROPOSED] PRETRIAL ORDER NO. 3: DIRECT FILING
CASE NO. 3:26-MD-03171-RFL