[Submitting Counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: LYFT, INC. PASSENGER SEXUAL ASSAULT LITIGATION | No. 3:26-md-03171-RFL<br><br>**STIPULATION AND [PROPOSED] PRETRIAL ORDER NO. 6: INITIAL JCCP DOCUMENT PRODUCTION AND INTERIM PROTECTIVE ORDER** |
| This Document Relates to:<br><br>ALL ACTIONS | |

Pursuant to the Court's March 26, 2026 Pretrial Order No. 2 and following the Parties' discussions with the Court during the March 25, 2026 Initial Case Management Conference, Plaintiffs in all member cases, through Plaintiff Co-Lead Counsel, and Defendant Lyft, Inc. ("Lyft"), through counsel, (collectively, the "Parties"), hereby agree that Lyft shall substantially complete its production of documents, as produced in Judicial Council Coordinated Proceeding ("JCCP") No. 5061 pending in the Superior Court of California for the County of San Francisco, to Plaintiff Co-Lead Counsel by May 1, 2026. The Parties further agree that the Protective Orders entered in the JCCP No. 5061, annexed hereto as **Exhibits 1 and 2**, shall together serve as an interim Protective Order in this MDL and shall govern all documents produced in connection with this MDL until the Court enters a protective order that replaces the JCCP Protective Orders.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: April 1, 2026

Respectfully submitted,

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)
**PEIFFER WOLF CARR KANE
CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Aimee Wagstaff*
Aimee Wagstaff
**WAGSTAFF LAW FIRM**
940 N. Lincoln Street
Denver, CO 80203
Telephone: (720) 255-7623
awagstaff@wagstafflawfirm.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana
**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123

STIPULATION AND [PROPOSED] PRETRIAL ORDER NO. 6
CASE No. 3:26-MD-03171-RFL

Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

By: */s/ Kristen L. Richer*
Kristen L. Richer (SBN 315883)
**BARNES & THORNBURG LLP**
2029 Century Park East, Ste. 300
Los Angeles, CA 90067
Telephone: (310) 284-3880
Facsimile: (310) 284-3894
kricher@btlaw.com

*Defense Liaison Counsel and*
*Counsel for Defendant Lyft, Inc.*

By: */s/ Nadine S. Kohane*
Nadine S. Kohane (admitted *pro hac vice*)
**BARNES & THORNBURG LLP**
390 Madison Ave., 12th Floor
New York, NY 10017
Telephone: (646) 746-2000
Facsimile: (646) 746-2001
nkohane@btlaw.com

By: */s/ Beth A. Stewart*
Beth A. Stewart (admitted *pro hac vice*)
David Randall J. Riskin (admitted *pro hac vice*)
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
bstewart@wc.com
driskin@wc.com

*Counsel for Defendant Lyft, Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: **April 2, 2026**

Hon. Rita F. Lin
United States District Court Judge

STIPULATION AND [~~PROPOSED~~] PRETRIAL ORDER NO. 6
CASE No. 3:26-MD-03171-RFL

# EXHIBIT 1

FILED

San Francisco County Superior Cou,

MAY - 4 2021

CLERK OF THE COURT

Y: _____
                              Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| Coordination Proceeding<br>Special Title (Rule 3.550)<br><br>**In Re: LYFT RIDESHARE CASES**<br><br><br>This Document Relates to:<br><br>ALL ACTIONS | CASE NO. CJC-20-005061<br><br>JUDICIAL COUNCIL COORDINATION<br>PROCEEDING NO. 5061<br><br>*Case Assigned to the Honorable Andrew Y.S.*<br>*Cheng, Dept. 613*<br><br>**STIPULATION AND [PROPOSED]**<br>**PROTECTIVE ORDER**<br><br>Judge: Hon. Andrew Y.S. Cheng<br>Department 613 |

Under California Code of Civil Procedure § 2017.010 and California Evidence Code § 912, and in the interests of efficiency, judicial economy, and avoiding ancillary litigation over discovery issues relating to confidential, proprietary, or private information or the inadvertent production of privileged materials, the undersigned Parties hereby stipulate and agree to this Stipulation and Proposed Protective Order Governing Confidential Information ("Stipulated Protective Order" or "Order").

1.    **PURPOSE AND LIMITATIONS**

Disclosure and discovery activity in this Action may involve production of confidential,

1

CASE NO. CJC-20-005061                    STIPULATION AND [PROPOSED] PROTECTIVE ORDER

proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.4 below, that this Stipulated Protective Order does not entitle them to file Confidential Information under seal; the California Rules of Court, including Rules 2.550 and 2.551, set forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

**2.     DEFINITIONS**

2.1     <u>Action</u>: The above-entitled proceeding, including the current consolidated cases and any add-on cases.

2.2     <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3     <u>CONFIDENTIAL Information or Items</u>: Any Discovery Material that the Producing Party believes in good faith contains information that is not known to the general public, including but not limited to financial or business plans or projections; proprietary business information, or other confidential research, design, development, financial, or commercial information; personnel information; personal information about any Party to this lawsuit or employees of any Party to this lawsuit; and any information regarding any Party not otherwise available to the public, subject to protection under California Rules of Court 2.550, 2.551, 2.580, 2.585, 8.46, and 8.490 or any information protected by California's Constitution and common-law right to privacy.

2.4     <u>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items</u>: Extremely sensitive CONFIDENTIAL information as defined in Section 2.3, including without limitation, technical and competitively-sensitive information protected by law, the disclosure of which to another Party or Non-Party would create a substantial risk of serious

2

financial or other harm that could not be avoided by less restrictive means.  By way of example only, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information includes, but is not limited to:  transactional sales data; non-public research or analysis; customer information, including but not limited to non-public customer complaints; financial, marketing, or strategic business planning information; trade secrets; pricing information; non-public information related to government or regulatory investigations; information related to government relations strategy; information relating to research, development, testing of, or plans for existing or proposed future products; Board of Directors information and materials, or information relating to corporate governance or executive committee selection; information representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs; personnel files; and communications that constitute, incorporate, summarize, or reference any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information.

2.5     Counsel:  (1) attorneys who have been retained on behalf of a Party to this Action and their Support Staff; (2) attorneys who are employees of a Party to this Action; and/or (3) attorneys representing an insurer or indemnitor of any Defendant, including the insurer's or indemnitor's legal personnel.

2.6     Designating Party:  A Party or Non-Party that designates Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY.

2.7     Discovery Material:  Any hard-copy Documents and electronically stored information, answers to interrogatories, deposition testimony, deposition exhibits, and all other discovery in any form, including all information, Documents, and things described in California Code of Civil Procedure § 2031.010 and California Evidence Code §§ 250, 255, and 260 produced by Parties and Non-Parties in response to discovery in this Action.

2.8     Document:  (i) any "Writing," "Original," and "Duplicate" as those terms are defined by the California Evidence Code §§ 250, 255, and 260 which have been produced in discovery in this Proceeding by any person or entity, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

3

2.9    Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action; (2) is not a current employee of a Party or of a Party's competitor; and (3) at the time of retention, is not in discussions or has a present intention to become an employee of a Party or of a Party's competitor. This definition includes any technical experts, discovery experts, and professional jury or trial consultants retained in connection with this Action.

2.10    Information: The content of Discovery Material.

2.11    Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Action.

2.12    Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their support personnel).

2.13    Privileged Material: Discovery Material subject to a claim of attorney-client privilege, work-product protection, or any other privilege or immunity from production.

2.14    Producing Party: A Party or Non-Party that produces Discovery Material in this Action.

2.15    Professional Vendors: Persons or entities that provide litigation-support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: Any Testimony or Discovery Material that is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY.

2.17    Receiving Party: A Party that receives Discovery Material from a Producing Party.

2.18    Support Staff: Legal staff, including but not limited to paralegals, investigative, technical, secretarial, clerical, accountants, assistants, vendors, and other personnel who are engaged in assisting Counsel.

4

2.19    Testimony:  all depositions, declarations, or other testimony taken, provided, or used in this Action.

3.    **SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any Information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any Testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  If the accuracy of information in the public domain is confirmed only through the review of Protected Material, then that information shall not be considered to be in the public domain (and thus shall be defined as "Information").  For example, unsubstantiated media speculation, rumors, or allegations that are later confirmed to be accurate based on the content of Protected Material are not "public domain" information.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    **DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect unless a Producing Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5

**5.    DESIGNATING PROTECTED MATERIAL**

5.1.    <u>Exercise of Restraint and Care in Designating Material for Protection.</u>    Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must endeavor to designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that, if feasible, other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited, although the designation of substantially all of a Party's production of Documents as Protected Material, if otherwise appropriate under this Order, will not render such designations improper.  The Parties agree to exercise good faith in responding to requests from a Requesting Party to de-designate material in accordance with Section 6 below.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions, just as disclosure of Protected Material in violation of this Order would do.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2.    <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this Order or as otherwise stipulated or ordered, Discovery Material, Testimony, or other items that qualify for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

a.    For Information in documentary form (*e.g.*, paper or electronic Documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY to each page that contains Protected Material. If only a portion or portions of the material

6

on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original Documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which Documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY. After the inspecting Party has identified the Documents it wants copied and produced, the Producing Party must determine which Documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified Documents, the Producing Party must affix the appropriate designation to each page that contains Protected Material.

b.      For Testimony given in deposition or in other pretrial proceedings, that the Designating Party designate within 7 days of receipt of the final transcript the portions of Testimony as to which protection is sought to and to specify the level of protection being asserted. Any Testimony given in deposition or other pretrial proceedings shall be treated as HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY until the end of that 7-day period following receipt of the final transcript. After that period ends, only those portions of the Testimony that are appropriately designated for protection consistent with the provisions of this Section 5.2(b) shall be covered by the provision of this Order. A Designating Party may specify, at the deposition or until the end of the 7-day period following receipt of the final transcript, that the entire transcript shall be treated as HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY. To facilitate this Section 5.2(b), the Parties agree to ask the court-reporting service responsible for a deposition transcript to complete the final transcript as quickly as possible.

Further, for Testimony given in deposition or in other pretrial proceedings, transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. Pages of transcribed deposition Testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may

7

not be disclosed to anyone except as permitted under this Order. The Designating Party shall inform the court reporter of these requirements.

c.      For Information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY. If only a portion or portions of the Information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If any Producing Party inadvertently produces or discloses Protected Material without marking it with an appropriate designation, the Producing Party or a Designating Party shall promptly notify the Receiving Party that the Protected Material should be treated in accordance with the terms of the Stipulated Protective Order, and shall forward appropriately stamped copies of the items in question. Within five days of the receipt of the appropriately stamped copies of the items in question, the Receiving Party shall return or destroy the previously unmarked versions of the items and all copies thereof, and, additionally, must make all other reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The inadvertent disclosure shall not be deemed a waiver of confidentiality, and such designation shall be made promptly after the discovery of the inadvertent production or disclosure.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS[1]

6.1     Timing of Challenges. Any Party or Non-Party may challenge a confidentiality designation at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

---

[1] Under the Court's Rules regarding Challenging Confidentiality Designations set forth in Department 613's Procedures for Complex Litigation, the Parties hereby stipulate to the Court's language governing the process for any Party to challenge the confidentiality designations, reproduced herein as Section 6. The Parties have agreed that the "written notice" necessary for initiating the dispute-resolution process under Section 6.2 shall include the Bates number of the challenged documents, and thus they have added "(by Bates number)" to the Court's language.

CASE NO. CJC-20-005061                    STIPULATION AND [PROPOSED] PROTECTIVE ORDER

burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute-resolution process by providing written notice of the designations (by Bates number) it is challenging and generally describing the basis for the challenges.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 10 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention through the procedure set forth above, they must hold an informal in-person conference with the Court.  If the Parties still cannot resolve the challenge, the Designating Party shall file and serve a motion to retain confidentiality within 10 days of the informal in-person conference.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding sub-section.  Failure by the Designating Party to timely make such a motion shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a

9

competent declaration affirming that the movant has complied with the meet-and-confer requirement in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. The Court recommends that the Parties obtain a court reporter for the hearing on this motion. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. The Party losing any motion concerning the confidentiality of materials will pay the successful Party's attorney's fees incurred in the making of or opposing the motion if the losing position was not substantially justified. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for litigating or attempting to settle this litigation, including through mediation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below ("Final Disposition").

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of CONFIDENTIAL Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, any Information or item designated CONFIDENTIAL may be disclosed only to:

a.    Counsel for the Receiving Party, as well as employees of said Counsel, including Support Staff, to whom it is reasonably necessary to disclose the Information for this Action.

10

b.      The Parties, including the officers, directors, and employees of a Party if the Receiving Party's Counsel determines in good faith that the officer, director, or employee's assistance is reasonably necessary to the conduct of the Action in which the Information is disclosed.

c.      Counsel representing insurer or indemnitor of any Defendant, including the insurer's or indemnitor's legal team.

d.      Experts (as defined in this Order) of the Parties to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement To Be Bound" (Exhibit A).

e.      The Court and its personnel.

f.      Court reporters and their staff.

g.      Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement To Be Bound" (Exhibit A).

h.      During their depositions, non-party witnesses and attorneys for non-party witnesses, in the Action to whom disclosure is reasonably necessary.  The Designating Party shall obtain a signed "Acknowledgement and Agreement To be Bound" (Exhibit A) at the deposition, unless otherwise agreed by the Designating Party or ordered by the Court.

i.      The author or recipient of a Document containing the Information or a custodian or other person who otherwise possessed or knew the Information.

j.      Mediators or arbitrators, and their support personnel, engaged by the Parties for settlement purposes in this Action.

k.      Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered.

7.2      Disclosure of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items.  Except by further order by the Court, or by express written consent of Counsel, Information and things designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in this Action by any Party or Non-Party may only be disclosed in accordance with the terms of this Order to the persons identified in Section 7.2(a), (c)–(g), (i)–(j)

11

7.3    <u>Additional Provisions.</u>  Notwithstanding any other provisions in this Section 7 or the Order, and in light of the fact the parties are litigating bellwether cases, coordinated nature of this Action, Lyft may designate Protected Material for production only to Interim Lead Counsel, as identified in the Court's November 9, 2020 "Order re Plaintiffs' Interim Lead Counsel," and any counsel that has a case coordinated in JCCP 5061 representing a Plaintiff who has been selected for bellwether discovery.

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Information or items designated in this Action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY that Party must:

a.    Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

b.    Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

c.    Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order or other applicable relief, the Party served with the subpoena or court order shall not produce any Information designated in this Action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY before a determination authorizing such production by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

12

**9.   A NON-PARTY'S PROTECTED MAERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

Any Non-Party producing Information in this Action may designate Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Order. Such Information produced by Non-Parties in connection with this Action is protected by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Information, then the Party shall:

a.     Promptly notify in writing the Requesting Party and the Non-Party that some or all of the Information requested is subject to a confidentiality agreement with a Non-Party;

b.     Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the Information requested; and

c.     Make the Information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Confidential Information responsive to the discovery request. If the Non-Party timely seeks a protective order or other applicable relief, the Receiving Party shall not produce any Information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination authorizing such production by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in the Court of its Protected Material.

**10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must promptly (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

13

Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.    INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

11.1    <u>Inadvertent Production of Privileged Material</u>. The production or disclosure of Discovery Material by a Producing Party shall, to the maximum extent permitted by law, be governed by California law regarding the inadvertent production of Privileged Material.  The procedure set forth below is intended to provide the Producing Party or any other Party purporting to hold a privilege with an efficient procedure for retrieving or "clawing back" inadvertently produced Privileged Material, subject to any resolution of any dispute over the privileged or protected status of the material, and for foreclosing any arguments of waiver.  If there is a conflict between California law and the procedures in this Section 11, the procedures in this Section 11 shall govern.

a.    If a Producing Party or any other Party purporting to hold a privilege has a good-faith belief that Privileged Material has inadvertently been produced and promptly upon discovery of the inadvertent production notifies all Parties in writing that Privileged Material was disclosed, then, consistent with California law, the inadvertent production of Privileged Material shall not be deemed a waiver.  If a Receiving Party discovers the inadvertent production of Privileged Material by a Producing Party, then, consistent with California law, it shall have a duty to promptly upon discovery of the inadvertent production give the Producing Party written notice of the inadvertent production of Privileged Material.  The obligations of the Parties are those set forth in California Code of Civil Procedure § 2031.285.

b.    Upon receipt of notice of inadvertent disclosure of Privileged Material, all other Parties (regardless of whether they agree with the claim of privilege or other protection) shall promptly (i) use reasonable efforts to destroy or sequester all copies of the inadvertently produced Documents or material in their possession, custody, or control and notify the Producing Party, or any other Party purporting to hold a privilege, that they have done so; and (ii) take reasonable steps to retrieve and destroy or sequester the inadvertently produced Privileged Material from other

14

persons, if any, to whom such Privileged Material has been provided, and notify the Producing Party that they have done so.

c. To the extent a Receiving Party disputes the claim of privilege or other protection with respect to the inadvertently disclosed Privilege Material, such Party shall notify in writing the Producing Party, or any other Party purporting to hold a privilege, with a copy to all Counsel, of its position within 14 business days of receiving the notice of inadvertent disclosure and shall return or destroy all Documents identified by the Producing Party within 14 business days of receipt of notice that the Documents were inadvertently produced, but may retain one copy of any such Document solely for the purpose of meeting and conferring with the Producing Party over the claim of privilege, which shall remain segregated and protected against further disclosure and use during the pendency of any dispute over its status. Within 7 business days of receiving the notice of dispute from the Receiving Party, the Producing Party, or any other Party purporting to hold a privilege, shall either withdraw its claim of privilege or confer with the Receiving Party in an effort to resolve their disagreement. If no such resolution is reached within 45 business days, the Receiving Party may apply to the Court for a ruling on the claim of privilege in accordance with California Rules of Court 2.550 and 2.551 for a determination of the claim, or may return or destroy the Documents and make no further use of the information in the Documents. In arguing issues concerning protection for material claimed to constitute Privileged Material, no Party may assert as a basis for the relief it seeks (including if a Receiving Party seeks a ruling that the disclosed information was never privileged) the fact or circumstances that such Documents already have been inadvertently produced in the Action or a related action.

d. If, during a deposition, a Party claims that a Document being used in the deposition is Privileged Material, it may at its sole discretion (i) allow the Document to be used in the deposition without waiver of its claim of privilege or other protection or (ii) instruct the witness not to answer questions concerning the Document pending a prompt resolution of any disagreement concerning the Document's privileged or other protected status. If a Party claiming privilege allows the examination concerning the Document to proceed on a non-waiver basis, the Parties shall sequester all copies of the purportedly privileged Document and any Testimony relating thereto. Immediately following the deposition, the Parties will commence the procedure outlined in the

15

preceding sub-sections to address the claim of privilege or other protection. Until the dispute is resolved, Counsel for the Parties shall treat the transcript of such deposition as CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY and, further, shall not distribute such transcript or disclose the purportedly-privileged Document or Testimony to any person, except as is necessary to commence the procedure outlined in the preceding sub-sections. If the Party instructs the witness not to answer questions concerning the Document, the Parties will then cooperate in promptly submitting the issue of the Document's status to the Court.

Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, immunity from production or proprietary interest with respect to any Document or Information.

## 12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order restricts the right of any person to seek its modification by the Court in the future.

12.2    Right to Additional Protection. Nothing in this Order shall be construed to preclude either Party from asserting in good faith that certain Protected Material requires additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

12.3    Right To Assert Other Objections. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any Information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.4    Filing Protected Material. A Receiving Party may file in the public record Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY only if it reasonably believes it is necessary to do so for purposes of pleadings, motions, or other Court matters and it (i) secures the written permission of the Designating Party to file the material without sealing it or in redacted form, or (ii) lodges the material with the Court under California Rule of Court 2.551(b)(3), and receives no motion to seal from the Designating Party within the time allotted by California Rule of Court

16

2.551(b)(3)(B), or (iii) secures an order of the Court denying the Designating Party's motion to seal pursuant to California Rule of Court 2.551(b)(6).

      a.     Where any Discovery Material or Information derived from Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY is included in any motion or other proceeding governed by California Rules of Court, Rules 2.550 and 2.551, the party shall follow those rules. With respect to discovery motions or other proceedings not governed by California Rules of Court, Rules 2.550 and 2.551, the following shall apply: If Discovery Material or Information derived from Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY are submitted to or otherwise disclosed to the Court in connection with discovery motions and proceeding, the same shall be separately filed under seal with the clerk of the Court in an envelope marked: "CONFIDENTIAL [or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY] — FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."

      b.     Notwithstanding any other provisions of this Sub-Section 12.4, except to the extent otherwise required by Court order or law, the Parties must redact social security numbers, tax information, financial account numbers, and driver's license numbers from all Documents filed with the Court. In the case of "personal records" of any "consumer" containing "information which would in any way identify [that] consumer" within the meaning of California Code of Civil Procedure § 1985.3, no Party shall be prevented from seeking to redact such information and in its place affix a unique, randomly assigned identification number to identify all Documents related to a particular consumer for purposes of admission and use at trial in an unsealed courtroom.

      c.     Nothing in this Order shall be construed to waive a Party's right to argue that CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY material that is filed under seal is fully admissible and otherwise available for use at trial in an unsealed courtroom, either with or without redactions.

      d.     While a motion to seal is pending and before the Court has ruled, no Party shall make use in open court, in public, or in any way inconsistent with the protections in this Order

CASE NO. CJC-20-005061          STIPULATION AND [PROPOSED] PROTECTIVE ORDER

of any Discovery Material that is subject to that motion to seal without the consent of the Designating Party or the permission of the Court.

## 13.    FINAL DISPOSITION

Within 60 days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the end of the 60-day deadline that affirms the Receiving Party has not retained any Protected Material, except for pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; and attorney work product that contain or reflect Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 ("Duration").

Dated: March 18, 2021                    LEVIN SIMES ABRAMS LLP

By: _____
William A. Levin
Angela J. Nehmans

Dated: March 18, 2021                    CUTTER LAW PC

By: _____
Brooks Cutter
Celine Cutter

Dated: March 18, 2021                    ESTEY & BOMBERGER, LLP

By: _____
Stephen J. Estey
R. Michael Bomberger
Kristen K. Barton

Attorney for Plaintiffs

18

CASE NO. CJC-20-005061                    STIPULATION AND [PROPOSED] PROTECTIVE ORDER

Dated: March 15, 2021

CONRAD & METLITZKY LLP

By: _____
Warren Metlitzky
Gabriela Kipnis

WILLIAMS & CONNOLLY LLP

Heidi K. Hubbard
Ana C. Reyes
Beth A. Stewart
David Randall J. Riskin

Attorneys for Lyft, Inc.

PURSUANT TO THIS STIPULATION, IT IS SO ORDERED.

DATED: _5/4/21_ _____
Hon. Andrew Y.S. Chang
Judge, Superior Court

19

CASE NO. CJC-20-005061                          STIPULATION AND [PROPOSED] PROTECTIVE ORDER

## **EXHIBIT A**

### **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the Superior Court of California on _____ [date] in the case of *In Re: LYFT RIDESHARE CASES*, Case No. CJC-20-005061.  I will maintain all such Protected Material, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it.  No later than 30 days after the conclusion of the action, I will return the Protected Material, including copies, notes, or other transcriptions made therefrom, to the counsel who provided me with the Protected Material.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the Superior Court of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ _____ [print or type full address and telephone number] as my California agent of service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

20

# EXHIBIT 2

F I L E D
Superior Court of California
County of San Francisco

MAY 18 2022

CLERK OF THE COURT
BY: _____
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| Coordination Proceeding<br>Special Title (Rule 3.550) | Case No.CJC-20-005061 |
| | JUDICIAL COUNCIL COORDINATION<br>PROCEEDING NO. 5061 |
| | *Case Assigned to the Honorable Andrew<br>Cheng, Department 613* |
| IN RE LYFT RIDESHARE CASES | STIPULATION AND [PROPOSED]<br>AMENDMENT TO MAY 4, 2021<br>PROTECTIVE ORDER |
| This Document Relates to: | |
| ALL ACTIONS | Judge:  Hon. Andrew Y.S. Cheng<br>Department 613 |

Under California Code of Civil Procedure § 2017.010 and California Evidence Code § 912, and in the interests of efficiency, judicial economy, and avoiding ancillary litigation over discovery issues relating to confidential, proprietary, or private information or the inadvertent production of privileged materials, the undersigned Parties hereby stipulate and agree to this Amendment to the May 4, 2021 Stipulation & Protective Order Governing Confidential Information entered in the above-captioned action (the "Amendment").

1

## 1.    PURPOSE AND LIMITATIONS

This Amendment shall govern the treatment of Zendesk tickets, and documents, communications, and testimony reflecting information in a Zendesk ticket that would identify any individual (except a Lyft employee) discussed or referenced in the Zendesk ticket, which tickets, documents, testimony or communications are produced or provided by Lyft, Inc. on or after April 1, 2022. For the avoidance of doubt, nothing in this Amendment addresses statistical analyses of the information contained in the Zendesk tickets when the statistical analyses does not identify any individuals.

## 2.    ACCESS TO AND USE OF ZENDESK TICKETS

2.1    Any Zendesk ticket produced in the above-captioned action and/or in connection with any individual coordinated case on or after April 1, 2022; and any document, communications, or testimony reflecting information in a Zendesk ticket that would identify any individual (except a Lyft employee) discussed or referenced in the Zendesk ticket, shall be marked "Zendesk Highly Confidential."

2.2    Material designated "Zendesk Highly Confidential" may be disclosed only to the following (each a "Zendesk Receiving Party"):

a.    Members of Plaintiffs' Leadership Counsel and any Counsel that has a case selected for a bellwether trial (following selection of that case for trial), including Support Staff of said Counsel to whom it is reasonably necessary to disclose the "Zendesk Highly Confidential" material;[1]

b.    Former Lyft employees and their counsel at depositions;

c.    Current Lyft employees, as well as in-house and outside Counsel for Lyft and their Support Staff;

d.    Court reporters and their staff;

e.    Experts (as defined in the May 4, 2021 Stipulation & Protective Order Governing Confidential Information) of the Parties to whom disclosure is reasonably necessary for

---

[1] Should any firm or individual join Plaintiffs' Leadership Counsel or have a case selected for a bellwether trial that or who has not executed this Amendment, that firm or individual shall separately execute this Amendment.

2

the above-captioned action; and

      f.     Special Masters appointed by the Court for discovery purposes;

      g.     Mediators and their support staff;

      h.     Other persons only by written consent of Lyft or upon order of the Court and on such conditions as may be agreed or ordered.

    2.3    Any Zendesk Receiving Party identified in subsection 2.2(a), 2.2(b), 2.2(e), and 2.2(h) that is not a signatory to this Amendment must sign the "Zendesk Acknowledgment and Agreement To Be Bound," attached to the Amendment as Exhibit A, before that individual may view "Zendesk Highly Confidential" material. The signed Acknowledgment must be maintained by the Zendesk Receiving Party, who shall present it to counsel for Lyft if requested to do so.

    2.4    "Zendesk Highly Confidential" material must be stored and maintained by any Zendesk Receiving Party at a location and in a secure manner that ensures access is limited to the persons authorized under this Amendment.

    2.5    Nothing in this Amendment shall limit Lyft's right to disclose or use "Zendesk Highly Confidential" material.

**3.    DISPOSITION OF ZENDESK HIGHLY CONFIDENTIAL MATERIAL**

    Within fourteen days of the final disposition of this Action, as defined in Section 4 of the May 4, 2021 Stipulation & Protective Order Governing Confidential Information, each Zendesk Receiving Party must destroy all "Zendesk Highly Confidential" material in his or her possession, custody, or control, including any papers, transcripts, memoranda, correspondence, exhibits, reports, and work product that incorporates "Zendesk Highly Confidential" material. Each Zendesk Receiving Party must submit to counsel for Lyft a written, notarized certification affirming that he or she has not retained and has destroyed all "Zendesk Highly Confidential" material and all papers, transcripts, memoranda, correspondence, exhibits, reports, and work product incorporating "Zendesk Highly Confidential" material.

**4.    ADDITIONAL PROVISIONS**

    4.1    "Zendesk Highly Confidential" material may be used only in connection with the above-captioned action and not for any other purposes. For the avoidance of doubt, and without limitation, no Zendesk Receiving Party shall use any information in a Zendesk ticket for any

3

purpose other than in connection with this litigation, and no Zendesk Receiving Party shall use any individual identifying information in a Zendesk ticket for any purpose. No Zendesk Receiving Party may contact any individual identified or referenced in any Zendesk ticket absent notice to Lyft and an order from the Court authorizing the contact. This paragraph 4.1 is continuing and survives the final disposition of this Action.

4.2     The definitions and provisions of the May 4, 2021 Stipulation & Protective Order Governing Confidential Information shall otherwise govern "Zendesk Highly Confidential" material. If there is a conflict between the provisions of this Amendment and the "Zendesk Highly Confidential" material, the provisions of this Amendment shall govern.

4.3     Any party who wishes to file "Zendesk Highly Confidential" material with the Court must ensure that any information that would allow the reader to identify non-Lyft employees is redacted from the "Zendesk Highly Confidential" material before that material is filed.

4.4.    Use of "Zendesk Highly Confidential" material at trial will be governed by further order of the Court.

Dated:   May 11, 2022                    LEVIN SIMES ABRAMS LLP

By: _____
Laurel L. Simes
Rachel Abrams
William A. Levin

Dated: May 11, 2022                      CUTTER LAW PC

By: _____
Brooks Cutter
Celine Cutter

Dated: May 11, 2022                      ESTEY & BOMBERGER, LLP

By: _____
Stephen J. Estey
R. Michael Bomberger

4

Kristen K. Barton

Dated: May 11, 2022                WILLIAMS HART BOUNDAS EASTERBY, LLP

By: _____
Walt Cubberly

*Attorney for Plaintiffs*

Dated: May 11, 2022                CONRAD | METLITZKY | KANE LLP

By: _____
Warren Metlitzky

Dated: May 11, 2022                WILLIAMS & CONNOLLY LLP

By: _____
Heidi Hubbard
Ana Reyes
David Riskin
Beth Stewart

*Attorneys for Lyft, Inc.*

PURSUANT TO THIS STIPULATION, IT IS SO ORDERED.

DATED: _5/18/22_

_____
Hon. Andrew Y.S. Chang
Judge, Superior Court

5

## EXHIBIT A

## ZENDESK ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Amendment to the May 4, 2021 Stipulation & Protective Order Governing Confidential Information and the May 4, 2021 Stipulation & Protective Order Governing Confidential Information that were issued by the Superior Court of California in the *In re Lyft Rideshare Cases*, Case No. CJC-20-005061 (together, the "Protective Orders"). I will maintain all "Zendesk Highly Confidential" material, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it. No later than fourteen days after the final disposition of this Action, I will fulfill my obligations under Section 3 of the Amendment to the May 4, 2021 Stipulation & Protective Order Governing Confidential Information.

I agree to comply with and to be bound by all the terms of the Protective Orders and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Orders to any person or entity except in strict compliance with the provisions of the Protective Orders.

I further agree to submit to the jurisdiction of the Superior Court of California for the purpose of enforcing the terms of the Protective Orders, even if such enforcement proceedings occur after termination of this action.

1

I hereby appoint _____ [print or type full name] of _____ _____ [print or type full address and telephone number] as my California agent of service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____