UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE: LYFT, INC. PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3171 |
|---|---|
| | No. 3:26-md-03171-RFL |
| This Document Relates to: | [PROPOSED] **PRETRIAL ORDER NO. 8 GOVERNING PLAINTIFFS' CO-LEAD COUNSEL AND PLAINTIFFS' STEERING COMMITTEE** |
| ALL ACTIONS | |

In Pretrial Order No. 1, the Court invited plaintiffs' counsel to apply for a lead counsel position in this MDL (Dkt. No. 2). The Court received three applications for Co-Lead Counsel (Dkt. Nos. 17, 18, 19). On March 23, 2026, the proposed Co-Lead Counsel applicants filed Plaintiffs' Proposed Steering Committee, explaining that a Plaintiffs' Steering Committee would also be necessary and attaching resumes for fifteen attorneys (Dkt. No. 71). In Pretrial Order No. 2, the Court appointed Roopal P. Luhana, Aimee H. Wagstaff, and Rachel Abrams as Plaintiffs' Co-Lead Counsel. Their responsibilities, and the responsibilities and membership of the Plaintiffs' Steering Committee, are promulgated below.

## I.    COMPOSITION OF THE PLAINTIFFS' STEERING COMMITTEE

### Plaintiffs' Co-Lead Counsel

Rachel B. Abrams
Peiffer Wolf Carr Kane Conway & Wise, LLP
555 Montgomery Street, Suite 820
San Francisco, CA 94111

Roopal P. Luhana
Chaffin Luhana LLP
600 Third Avenue, 12th Floor
New York, NY 10016

Aimee Wagstaff
Wagstaff Law Firm
940 N. Lincoln Street
Denver, CO 80203

**Plaintiffs' Liaison Counsel**

Rachel B. Abrams
Peiffer Wolf Carr Kane Conway & Wise, LLP
555 Montgomery Street, Suite 820
San Francisco, CA 94111

**Plaintiffs' Federal/State Liaison Counsel**

Tiseme Zegeye
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111

**Members**

Alyson S. Beridon
Herzfeld, Suetholz, Gastel, Leniski and Wall, PLLC
600 Vine Street, Suite 2720
Cincinnati, Ohio 45202

Steve Cohn
Chaffin Luhana LLP
600 Third Avenue, 12th Floor
New York, NY 10016

Tracey B. Cowan
Clarkson Law Firm, P.C.
633 Howard Street
San Francisco, CA 94105

Sara Craig
Peiffer Wolf Carr Kane Conway & Wise, LLP
555 Montgomery Street, Suite 820
San Francisco, CA 94111

2

Celine E. Cutter
Cutter Law P.C.
1901 Harrison Street, 9th Floor
Oakland, CA 94612

Reed C. Dempsey
Cooper Masterman PLLC
1717 Pennsylvania Avenue, N.W., Suite 1025
Washington, D.C. 20006

Holly Dolejsi
Anapol Weiss
60 South 6th Street, Suite 2800
Minneapolis, MN 55402

Fidelma L. Fitzpatrick
Motley Rice LLC
40 Westminster Street, 5th Floor
Providence, RI 02903

June P. Hoidal
Zimmerman Reed LLP
1100 IDS Center, 80 South 8th Street
Minneapolis, MN 55402

Elana B. Goodman
Schlesinger Law Offices, P.A.
1212 Southeast Third Avenue
Fort Lauderdale, FL 33316

Sommer D. Luther
Wagstaff Law Firm
940 Lincoln Street
Denver, CO 80203

Ruth Rizkalla
The Carlson Law Firm
1230 Rosecrans Avenue, Suite 300
Manhattan Beach, CA 90266

S. Ann Saucer
Nachawati Law Group, PLLC
5489 Blair Road
Dallas, TX 75231

3

David L. Selby
Bailey Glasser, LLP
3000 Riverchase Galleria, Suite 905
Birmingham, AL 35244

Tiseme Zegeye
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111

**RESPONSIBILITIES OF APPOINTED COUNSEL**

In general, Co-Lead Counsel are responsible for coordinating the activities of the plaintiffs during pretrial proceedings and shall:

1. Determine (after such consultation with other members of the Plaintiffs' Steering Committee ("PSC") and other co-counsel as may be appropriate) the position of the plaintiffs on all matters arising during pretrial proceedings;

2. Coordinate the scheduling and conduct of discovery on behalf of the plaintiffs, as well as the preparation of protocols and schedules for discovery and the development of platforms to allow for equitable and efficient use of discovery secured through this MDL;

3. Suggest, in consultation with the Defendants, the ordering, priority, and response to pending and anticipated motions;

4. Coordinate and oversee the PSC's responsibilities, including to schedule PSC meetings and keep minutes or transcripts of these meetings as appropriate; to appear at periodic Court-noticed status conferences and hearings and present to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings; to sign and file all pleadings that relate to all actions; and to bind the PSC in scheduling settlement discussions and discovery, setting agendas, entering into stipulations, and in other necessary interactions with any other relevant parties. Co-Lead Counsel may designate counsel in their discretion to perform these duties as appropriate and necessary to progress the litigation effectively and efficiently.

5. Delegate specific tasks to PSC Members or other counsel so as to ensure that pretrial preparation for the plaintiffs is conducted efficiently and effectively, including, at the appropriate juncture, selection of trial team(s);

6. Suggest, in consultation with Defendants, the appointment of special master(s) under Federal Rule of Civil Procedure 53;

7. Conduct settlement negotiations on behalf of the plaintiffs, but not enter binding agreements except to the extent expressly authorized;

8. Retain the services of any attorney not part of the PSC to perform any common benefit work, provided the attorney so consents and is bound by the PSC's compensation structure;

9. Maintain, in conjunction with their accountant, records of receipts and disbursements advanced by PSC members and received by the PSC and report in writing to the PSC concerning disbursements and receipts:

10. Designate counsel to schedule depositions, set agendas, and otherwise interact with defense counsel, various plaintiffs' counsel, and any other relevant parties and,

11. Perform such other duties as may be necessary for effective and efficient coordination of the plaintiffs' pretrial activities or authorized by further order of the Court.

Plaintiffs' Liaison Counsel shall also do or direct the following:

1. Establish and maintain a case website providing public access to relevant Court orders, forms, and joint reports, and identifying the nature of the case, date of MDL creation, presiding Judge and courthouse location, Plaintiffs' Liaison Counsel, deadlines, hearing dates, and material case developments.

2. Establish and maintain a depository for orders, pleadings, hearing transcripts, and all documents served upon plaintiffs' counsel, and make such papers available to plaintiffs' counsel upon reasonable request.

3. Perform other necessary PSC administrative and logistic functions and carry out any other duty as the Court may order.

[PROPOSED] PRETRIAL ORDER NO. 8 GOVERNING PLAINTIFFS' CO-LEAD COUNSEL AND PLAINTIFFS' STEERING COMMITTEE

Plaintiffs' Federal/State Liaison Counsel shall facilitate coordination with state court litigation.

All appointments made in this Order are personal to the individual attorney appointed. Accordingly, each appointee must assume personal responsibility for the performance of their duties, and no other attorneys, including members of an appointee's law firm, may substitute for the appointee in the fulfillment of their exclusive duties, except with prior approval of the Court. The Court may add or replace appointees on their request, on request of the Plaintiffs' Co-Lead Counsel, or on its own motion, as circumstances warrant.

It is intended and expected that—as to all matters common to the coordinated cases, and to the fullest extent consistent with the independent fiduciary obligations owed by any and all plaintiffs' counsel to their clients—pretrial proceedings shall be conducted by and through the PSC.

The PSC is responsible for creating its own structure, including establishing subcommittees for major litigation tasks that include ESI and discovery, law and motion/briefing, experts, trial, and a leadership development subcommittee for young lawyers in mass torts.

All timekeepers carrying out work for the plaintiffs' common benefit, including PSC members, who may look to any common fund or agreement for reimbursement or compensation shall maintain detailed and contemporaneous time records. The Court will issue a subsequent order regarding the guidelines and rules for work done and expense incurred for the common benefit of all plaintiffs in this MDL.

As previously ordered in Pretrial Order No. 2, appointments are made for a one-year period and will expire on March 25, 2027 (Dkt. No. 77). Counsel may apply for reappointment a minimum of 30 days before their term expires. Applications for reappointment must detail the nature and scope of the attorney's work on this litigation, including the time and resources that the attorney expended during the previous term.

**IT IS SO ORDERED.**

Dated: <u>April 2, 2026</u>

_____
RITA F. LIN
United States District Judge

[PROPOSED] **PRETRIAL ORDER NO. 8** GOVERNING PLAINTIFFS' CO-LEAD COUNSEL AND PLAINTIFFS' STEERING COMMITTEE