[Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: LYFT, INC. PASSENGER SEXUAL ASSAULT LITIGATION | No. 3:26-md-03171-RFL<br><br>**MODIFIED CONDITIONAL** [PROPOSED] **PRESERVATION ORDER** |
| This Document Relates to:<br><br>ALL ACTIONS | |

This Order shall govern the preservation of all information subject to discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure, including electronically stored information ("ESI"), by Plaintiffs and Defendant Lyft, Inc., ("Lyft" or "Defendant"). This Order is intended as an interim measure pending the parties' proposal of a more tailored order concerning the preservation of relevant information. The purpose of this interim order is to ensure the preservation of all documents and ESI that may be discoverable in relation to any of the issues in this litigation, even if it is later decided that certain claims or defenses are without merit or otherwise cannot be asserted.

All parties and counsel are reminded of their duty to preserve evidence that may be relevant to this action. Any evidence preservation order previously entered in any of the transferred actions shall remain in full force and effect. To the extent that this preservation order is broader than the preservation order in the transferred case, the parties' preservation obligations are expanded consistent with the full scope of this order.

1.      No party shall destroy any information subject to discovery within their control without applying to this Court.

2.      Each party shall take reasonable steps to preserve all evidence that may be relevant to this litigation.

3.      The parties must confirm, by way of notice to opposing counsel, that they are preserving all information that may be relevant to this litigation from all sources, including corporate and personal accounts, including:

a. Email systems

b. Mobile device data

c. Text and messaging applications, such as iMessage, WhatsApp, Facebook Messenger, Instagram Messenger, SnapChat, WeChat, Signal, Wickr, and Telegram

d. Workplace collaboration tools and chat applications, such as Slack, Google Chat, and Microsoft Teams

e. Social media accounts

f. Unstructured data, including documents created by commonly used Microsoft Office programs and Google programs

g. Structured data, such as information stored in structured databases like Salesforce and Basecamp

h. Wearable devices, such as data from watches or tags

i. Backup media, such as data from tapes, discs, or cloud accounts

j. External storage media, such as portable hard drives or flash drives

k. Voicemail systems

l. Video surveillance systems

4.    Defendant's custodians must be broadly identified and not limited to those who work on sexual assault or sexual misconduct issues. Instead, custodians should include company managers, executives, and engineers in charge of implementing safety precautions and technologies to protect passengers, as well as company managers and executives who evaluate and analyze passenger complaints about drivers, interface with law enforcement, develop policies for vetting drivers or policies for responding to passenger complaints about drivers, or develop safety-related marketing strategies and materials.

- 3 -

[PROPOSED] PRESERVATION ORDER
CASE NO. 3:26-MD-03171-RFL

**5.** The sources of information that Defendant must preserve include backup media, such as data from data table, code history, tapes, discs, or cloud accounts other relevant data that may have been destroyed pursuant to Defendant's document-retention policies. Defendant shall implement a litigation hold that covers the company and vendors, including vendors that maintain backup media that may contain copies of deleted emails, Slack messages, or other relevant communications that may have been destroyed pursuant to Defendant's document-retention policies.

**6.** After meeting and conferring, a party may apply to Magistrate Judge Lisa J. Cisneros for leave to destroy information that may be relevant to the litigation, including ESI. Such applications shall not exceed three pages, and shall include a brief description of the information or ESI that the party seeks to destroy and an explanation regarding why it is not relevant to any claims or defenses in this MDL or that the preservation of this information would be disproportionate to the needs of the litigation.

**7.** A party may oppose any such application by filing an opposition, not to exceed three pages, within three days of the filing of the application for leave.

8.	All preservation obligations in this Order are mutual and apply equally to all parties.

**IT IS SO ORDERED.**

April 14, 2026

_____
Hon. Lisa J. Cisneros
United States Magistrate Judge