UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: LYFT, INC. PASSENGER
SEXUAL ASSAULT LITIGATION

Case No. 26-md-03171-RFL   (LJC)

**ORDER REGARDING ESI
PRESERVATION ORDER**

Dkt. Nos: 99, 100

Previously, the undersigned conditionally entered Plaintiffs' proposed ESI preservation order "without prejudice to any arguments Lyft may raise in opposition" to Plaintiffs' motion for entry of their proposed preservation order.  ECF No. 116.  Having considered the parties' arguments and the relevant legal authorities, the undersigned now adopts Plaintiffs' proposed ESI preservation order with the following additions (in italics) to Paragraphs 3, 5, and 6, and the addition of Paragraph 8:

Plaintiffs' Paragraph 3 shall be modified to state:

**3.** The parties must confirm, by way of notice to opposing counsel, that they are preserving all information that may be relevant to this litigation from all sources, including corporate and personal accounts, including:
**a.** Email systems
**b.** Mobile device data
**c.** Text and messaging applications, such as iMessage, WhatsApp, Facebook Messenger, Instagram Messenger, SnapChat, WeChat, Signal, Wickr, and Telegram
**d.** Workplace collaboration tools and chat applications, such as Slack, Google Chat, and Microsoft Teams
**e.** Social media accounts
**f.** Unstructured data, including documents created by commonly used Microsoft Office programs and Google programs
**g.** Structured data, such as information stored in structured databases like Salesforce and Basecamp

United States District Court
Northern District of California

**h.** Wearable devices, such as data from watches or tags
**i.** Backup media, such as data from tapes, discs, or cloud accounts
**j.** External storage media, such as portable hard drives or flash drives
**k.** Voicemail systems
**l.** Video surveillance systems
*Lyft shall instruct its employees and Plaintiffs' counsel shall instruct their clients of their obligation to preserve information from their personal communication accounts, including social media and email accounts, and information on their personal devices.*

Plaintiffs' Paragraph 5 shall be modified to state:

**5.** The sources of information that Defendant must preserve include backup media, such as data from data table, code history, tapes, discs, or cloud accounts other relevant data that may have been destroyed pursuant to Defendant's document-retention policies. Defendant shall implement a litigation hold that covers the company and vendors, including vendors that maintain backup media that may contain copies of deleted emails, Slack messages, or other relevant communications that may have been destroyed pursuant to Defendant's document-retention policies. *If a party seeks relief from its duty to preserve a specific source of backup media, it shall follow the procedures described in Paragraph 6.*

Plaintiffs' Paragraph 6 shall be modified to state:

**6.** After meeting and conferring, a party may apply to Magistrate Judge Lisa J. Cisneros for leave to destroy information that may be relevant to the litigation, including ESI. Such applications shall not exceed three pages, and shall include a brief description of the information or ESI that the party seeks to destroy and an explanation regarding why it is not relevant to any claims or defenses in this MDL or that the preservation of this information would be disproportionate to the needs of the litigation. *Each application shall be supported by a declaration that describes the information or ESI the party seeks to destroy, explains why it is not reasonably accessible, and substantiates any proportionality concerns.*

The preservation order shall include an additional paragraph, stating:

**8.** All preservation obligations in this Order are mutual and apply equally to all parties.

The parties shall file an updated ESI preservation order incorporating the above additions no later than June 1, 2026.

As described above, although the Court is adopting Plaintiffs' proposed Paragraphs 5, 6, and 7 (Paragraphs 5 and 6 subject to the above modifications), Lyft may follow the procedure laid out in the modified Paragraph 6 to request leave from its obligation to preserve sources of

information, including sources that it claims are not reasonably accessible.  Based on Lyft's briefing, the Court anticipates that Lyft will seek relief from its obligation to preserve categories of data it believes are not reasonably accessible at the outset of this case.  *See* ECF No. 99-1 ¶ 7 (Lyft's proposal, listing sources of data Lyft proposes are not reasonable accessible).

To facilitate efficient resolution of this anticipated dispute, the undersigns orders the following: if it has not already done so pursuant to Judge Lin's order at ECF No. 154 directing the party to exchange ESI checklist information, Lyft shall identify all of its sources of ESI that likely contain relevant information, including sources Lyft claims are not reasonably accessible.  Lyft shall inform Plaintiffs of these sources, including its basis for claiming that particular sources are not reasonably accessible, by June 3, 2026.  The parties then shall meet and confer either in person or over video conference regarding the sources Lyft claims are not reasonably accessible.  If they are able to reach an agreement through the meet and confer process, they may file a stipulation informing undersigned of such.  If the parties are unable to reach an agreement regarding whether certain sources are reasonably accessible and/or must be preserved, Lyft may file an application for leave to destroy the sources it claims are not reasonably accessible and its supporting declaration(s), following the procedures in Paragraph 6 as modified.  Plaintiffs may then file their opposition pursuant to Paragraph 7.  The parties may stipulate to extend the page limits of the application and opposition.

By June 5, 2026, the parties shall file a status report proposing deadlines to meet and confer and to file their respective application and opposition, if needed.  The Court is also open to an approach where at the outset of the litigation the scope of preservation is broad, and at a later stage, the parties stipulate to remove the preservation requirement as to particular sources of ESI

//

//

//

//

//

//

3

or a party may seek relief from the preservation requirement pursuant to the process set forth in Paragraph 6.

**IT IS SO ORDERED.**

Dated: May 28, 2026

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

4