[Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: LYFT, INC. PASSENGER SEXUAL ASSAULT LITIGATION | No. 3:26-md-03171-RFL |
| | [PROPOSED] STIPULATED PRETRIAL ORDER NO. 13 : PRESERVATION ORDER |
| This Document Relates to: | |
| ALL ACTIONS | |

This Order shall govern the preservation of all information subject to discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure, including electronically stored information ("ESI"), by Plaintiffs and Defendant Lyft, Inc., ("Lyft" or "Defendant"). This Order supersedes the Modified Conditional Preservation Order entered on April 14, 2026 (Dkt. No. 115) and incorporates the modifications required by the Court's May 28, 2026 Order (Dkt. No. 174). The purpose of this order is to ensure the preservation of all documents and ESI that may be discoverable in relation to any of the issues in this litigation, even if it is later decided that certain claims or defenses are without merit or otherwise cannot be asserted.

All parties and counsel are reminded of their duty to preserve evidence that may be relevant to this action. Any evidence preservation order previously entered in any of the transferred actions shall remain in full force and effect. To the extent that this preservation order is broader than the preservation order in the transferred case, the parties' preservation obligations are expanded consistent with the full scope of this order.

1. No party shall destroy any information subject to discovery within their control without applying to this Court.

2. Each party shall take reasonable steps to preserve all evidence that may be relevant to this litigation.

3. The parties must confirm, by way of notice to opposing counsel, that they are preserving all information that may be relevant to this litigation from all sources, including corporate and personal accounts, including:

    a.    Email systems

    b.    Mobile device data

    c.    Text and messaging applications, such as iMessage, WhatsApp, Facebook Messenger, Instagram Messenger, SnapChat, WeChat, Signal, Wickr, and Telegram

    d.    Workplace collaboration tools and chat applications, such as Slack, Google Chat, and Microsoft Teams

    e.    Social media accounts

f.      Unstructured data, including documents created by commonly used Microsoft Office programs and Google programs

g.      Structured data, such as information stored in structured databases like Salesforce and Basecamp

h.      Wearable devices, such as data from watches or tags

i.      Backup media, such as data from tapes, discs, or cloud accounts

j.      External storage media, such as portable hard drives or flash drives

k.      Voicemail systems

l.      Video surveillance systems

Lyft shall instruct its employees and Plaintiffs' counsel shall instruct their clients of their obligation to preserve information from their personal communication accounts, including social media and email accounts, and information on their personal devices.

4.      Defendant's custodians must be broadly identified and not limited to those who work on sexual assault or sexual misconduct issues. Instead, custodians should include company managers, executives, and engineers in charge of implementing safety precautions and technologies to protect passengers, as well as company managers and executives who evaluate and analyze passenger complaints about drivers, interface with law enforcement, develop policies for vetting drivers or policies for responding to passenger complaints about drivers, or develop safety-related marketing strategies and materials.

5.      The sources of information that Defendant must preserve include backup media, such as data from data table, code history, tapes, discs, or cloud accounts other relevant data that may have been destroyed pursuant to Defendant's document-retention policies. Defendant shall implement a litigation hold that covers the company and vendors, including vendors that maintain backup media that may contain copies of deleted emails, Slack messages, or other relevant communications that may have been destroyed pursuant to Defendant's document-retention policies. If a party seeks relief from its duty to preserve a specific source of backup media, it shall follow the procedures described in Paragraph 6.

6.      After meeting and conferring, a party may apply to Magistrate Judge Lisa J.

- 3 -

Cisneros for leave to destroy information that may be relevant to the litigation, including ESI. Such applications shall not exceed three pages, and shall include a brief description of the information or ESI that the party seeks to destroy and an explanation regarding why it is not relevant to any claims or defenses in this MDL or that the preservation of this information would be disproportionate to the needs of the litigation. Each application shall be supported by a declaration that describes the information or ESI the party seeks to destroy, explains why it is not reasonably accessible, and substantiates any proportionality concerns.

7.    A party may oppose any such application by filing an opposition, not to exceed three pages, within three days of the filing of the application for leave.

8.    All preservation obligations in this Order are mutual and apply equally to all parties.

Entry of this Order is not with prejudice to Lyft's's ability to seek relief as to particular sources of ESI in accordance with ECF No. 174.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: June 1, 2026                    Respectfully submitted,

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)
**PEIFFER WOLF CARR KANE
CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

Aimee Wagstaff
**WAGSTAFF LAW FIRM**
940 N. Lincoln Street
Denver, CO 80203
Telephone: (720) 255-7623
awagstaff@wagstafflawfirm.com

Roopal P. Luhana
**CHAFFIN LUHANA LLP**

[PROPOSED] STIPULATED PRETRIAL ORDER NO. __:
PRESERVATION ORDER
CASE NO. 3:26-MD-03171-RFL

600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

By: /s/ *Kristen L. Richer*
Kristen L. Richer (SBN 315883)
Sandra M. Ko (SBN 260863)
**BARNES & THORNBURG LLP**
2029 Century Park East, Ste. 300
Los Angeles, CA 90067
Telephone: (310) 284-3880
Facsimile: (310) 284-3894
kricher@btlaw.com
sko@btlaw.com

*Defense Liaison Counsel and*
*Counsel for Defendant Lyft, Inc.*

Nadine S. Kohane (admitted *pro hac vice*)
**BARNES & THORNBURG LLP**
390 Madison Ave., 12th Floor
New York, NY 10017
Telephone: (646) 746-2000
Facsimile: (646) 746-2001
nkohane@btlaw.com

Beth A. Stewart (admitted *pro hac vice*)
David Randall J. Riskin (admitted *pro hac vice*)
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
bstewart@wc.com
driskin@wc.com

*Counsel for Defendant Lyft, Inc*

[PROPOSED] STIPULATED PRETRIAL ORDER NO. __:
PRESERVATION ORDER
CASE NO. 3:26-MD-03171-RFL

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:  June 4, 2026

_____
Hon. Lisa J. Cisneros

United States Magistrate Judge

[PROPOSED] STIPULATED PRETRIAL ORDER NO. __:
PRESERVATION ORDER
CASE NO. 3:26-MD-03171-RFL

## SIGNATURE ATTESTATION

I hereby attest that I am the ECF User whose ID and password are being used to file this document.  In compliance with Civil Local Rule 4-1(i)(3), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  June 1, 2026                              Respectfully submitted,

                                                  **BARNES & THORNBURG LLP**

                                                  By:    */s/ Kristen L. Richer*
                                                         Kristen L. Richer

                                                         *Counsel for Defendant Lyft, Inc.*

[PROPOSED] STIPULATED PRETRIAL ORDER NO. __:
PRESERVATION ORDER
CASE NO. 3:26-MD-03171-RFL