UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: LYFT, INC. PASSENGER SEXUAL ASSAULT LITIGATION | No. 3:26-md-03171-RFL<br><br>**[PROPOSED] STIPULATED AMENDED PRETRIAL ORDER NO. 14: DISCLOSURE OF RIDE RECEIPT INFORMATION** |
| This Document Relates to:<br><br>ALL ACTIONS | |

STIPULATED AMENDED PRETRIAL ORDER NO. 14:
DISCLOSURE OF RIDE RECEIPT INFORMATION
CASE NO. 3:26-MD-03171-RFL

On June 4, 2026, the Court entered Pretrial Order No. 14: Disclosure of Ride Receipt Information (Dkt. 190). Following the June 24, 2026 Case Management Conference and briefing of the Parties regarding what constitutes a "Ride Receipt" and the form of documentation certain Plaintiffs had previously submitted in support of their Disclosure of Ride Receipt Information, the Court issues the following Stipulated Amended Pretrial Order clarifying Plaintiffs' disclosure obligations for ride receipts and related information in these proceedings.[1]

A.      For purposes of this Amended Pretrial Order, the "Ride Receipt" is understood to be a full and complete copy of the email receipt sent by Lyft following a given ride, containing the unique, 19-digit receipt number at the end of the email. The "In-App Ride History" is a separate document generated by and available through the Lyft application, and contains many of the details regarding an individual ride, but does not contain the 19-digit receipt number.[2]

B.      To the extent not already served, within fourteen (14) days of entry of this Amended Pretrial Order, all Plaintiffs in any currently pending Member Case in this MDL shall serve a completed Disclosure of Ride Receipt Information (the form of which is attached as Exhibit 1), with all required documentation attached, as noted on the form.  In the event that Plaintiffs' counsel collected the required documentation called for by Exhibit 1 *prior to or on June 24, 2026*, that Plaintiff may satisfy Exhibit 1's disclosure requirements by attaching either (1) a full and complete copy of the Ride Receipt with the ride identification number for the Lyft trip connected to the alleged incident for which they have filed a case in this MDL ("Subject Ride"), or (2) a full and

---

[1] The Court understands that certain Plaintiffs in this MDL previously produced to Lyft PDFs reflecting the In-App Ride History information for the rides at issue in their respective cases, rather than the Ride Receipt with the ride identification number at the bottom of the last page that Lyft expected to receive, in making their disclosures pursuant to Pretrial Order No. 14 (Dkt. 190). Having considered the Parties' positions on this issue, and subject to the specific requirements and time limitations set forth in this Order, the Court has determined that those Plaintiffs' In-App Ride History productions are an acceptable substitute for the Ride Receipt with the ride identification number, provided the In-App Ride History information was collected by Plaintiffs' counsel prior to the deadline set forth in ¶ B of this Order.

[2] Lyft has prepared instructions to obtain the Ride Receipt, and materials identifying exemplar Ride Receipt and In-App Ride History Disclosures (as produced to Lyft), to assist Plaintiffs' counsel collecting this information for purposes of these disclosures. These materials are available via Plaintiffs' leadership's website (https://lyftsexualassaultmdl.com/) or via the Rubris platform.

complete screenshot of the In-App Ride History for the Subject Ride. For all documentation collected *after June 24, 2026*, a Plaintiff utilizing the Disclosure of Ride Receipt Information form attached as Exhibit 1 to this Order must collect and produce to Lyft a full and complete copy of the Ride Receipt (and not the In-App Ride History), as defined above. In other words, where documentation is collected *after June 24, 2026*, a screenshot of the In-App Ride History does not meet the requirements for submission under Exhibit 1 to this Amended Pretrial Order, though it may comply with the requirements for a submission under Exhibit 2. In either case, Plaintiffs shall serve these documents via Rubris, the designated service portal for ride receipt information and fact sheets, as agreed to by the Parties and ordered by the Court pursuant to this Pretrial Order, and to Pretrial Order No. 17: Plaintiff and Defendant Fact Sheets.

C.    In the event a Plaintiff in a currently pending Member Case does not have the Subject Ride Receipt (or the full and complete In-App Ride History, to the extent permitted in ¶ B), within fourteen (14) days of entry of this Amended Pretrial Order that Plaintiff shall instead serve—to the extent not already produced to Lyft—a Ride Information Form (the form of which is attached as Exhibit 2) via Rubris, which shall provide Lyft with information set forth therein.

D.    Plaintiffs in any cases directly filed in, removed to, or transferred to this MDL after the date of this Amended Pretrial Order must produce a full and complete disclosure using Exhibit 1 of this Order (and attaching a full and complete Ride Receipt with the ride identification number, or full and complete screenshot of the In-App Ride History, to the extent permitted by ¶ B) or Exhibit 2 of this Order, to the extent the Plaintiff cannot provide the materials required by Exhibit 1, within fourteen (14) days of the case being filed in, removed to, or transferred to this Court.

E.    All submissions made pursuant to this Order, including the requisite information in subsections ¶¶ B-D, are made with the understanding that the information submitted pursuant to this Pretrial Order will be certified to the best of their ability by Plaintiff's counsel of record.

F.    In the event a Plaintiff fails to provide a full and complete Ride Receipt with the ride identification number (or full and complete screenshot of the In-App Ride History, to the extent permitted by ¶ B) with Exhibit 1, or the Receipt Information Form, Exhibit 2, by the deadlines set

forth in ¶¶ B-D, Lyft shall notify that Plaintiff and Plaintiffs Leadership's Designated Counsel ("Designated Counsel") of Plaintiff's failure to comply with the applicable deadline. Each Plaintiff so notified shall have seven (7) days to cure. In the event a Plaintiff so notified fails to cure in a timely manner, Lyft shall promptly notify the Court of such failure and shall seek leave of the Court for Plaintiff to show cause why their case should not be dismissed without prejudice.

G.    Upon receipt of a Plaintiff's disclosure, Lyft shall search its records to determine if it can identify the Subject Ride.  In the event a Plaintiff produces (1) a Ride Receipt pursuant to Exhibit 1, or (2) a Receipt Information Form pursuant to Exhibit 2 of this Order, Lyft shall have fourteen (14) days to identify the ride and notify the Plaintiff.  In the event a Plaintiff produces an In-App Ride History in lieu of a Ride Receipt with the ride identification number (to the extent permitted by ¶ B), with Exhibit 1 of this Order, Lyft shall have twenty-one (21) days to identify the ride and notify the Plaintiff. To the extent Lyft requires additional time to search for the Subject Ride, it shall meet and confer with Designated Counsel to request an extension, which shall be reasonably granted.

H.    In the event Lyft, following a search, is unable to identify the Subject Ride based on the information disclosed to it, Lyft shall notify the Plaintiff of that fact, and shall advise the Plaintiff why it was unable to do so by indicating one of the following:

☐    Lyft could not locate an account associated with the phone number and/or email Plaintiff provided.

☐    Lyft could not identify a ride taken on the date Plaintiff indicated.

☐    Lyft identified multiple rides taken on the date Plaintiff indicated, and could not identify the specific ride at issue.

☐    Lyft could not identify a ride taken to/from the location(s) provided by Plaintiff for the subject ride.

☐    Other: _____

I.    Within seven (7) days of receipt of Lyft's notification advising that it could not identify a Subject Ride, that Plaintiff's representing counsel and/or Designated Counsel shall initiate a meet and confer discussion with Lyft. During any such meet and confer, Lyft will share—

to the extent possible—information regarding the efforts it made to locate the Subject Ride (e.g., date and location searched, vehicle make and model information) in case this additional information enables Plaintiff to supplement its disclosures so that the Subject Ride can be identified. If Plaintiff's counsel is unable to supplement its disclosures to cure any such deficiencies within seven (7) days of the parties' meet and confer discussions, the Plaintiff shall notify Lyft of his or her intentions with respect to the case, including a request for an extension of time to cure, the Plaintiff's voluntary dismissal of the case, or Plaintiff's counsel's withdrawal as counsel for the Plaintiff. If a Plaintiff fails to notify Lyft of his or her intentions, Lyft shall promptly notify the Court of such failure and shall seek leave of the Court for the Plaintiff to show cause why his or her case should not be dismissed without prejudice.

J.      In the event the parties are unable to identify the Subject Ride following the process detailed above, or a defaulting Plaintiff fails to notify Lyft of their intentions as identified above, Lyft shall promptly notify the Court of such failure and shall seek leave of Court for the Plaintiff to show cause why his or her case should not be dismissed without prejudice.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: July 8, 2026                                     Respectfully submitted,


By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)
**PEIFFER WOLF CARR KANE
CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

Roopal P. Luhana
**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

Aimee Wagstaff
**WAGSTAFF LAW FIRM**
940 N. Lincoln Street

STIPULATED AMENDED PRETRIAL ORDER NO. 14:
DISCLOSURE OF RIDE RECEIPT INFORMATION
CASE NO. 3:26-MD-03171-RFL

Denver, CO 80203
Telephone: (720) 255-7623
awagstaff@wagstafflawfirm.com

*Co-Lead Counsel for Plaintiffs*

By: */s/ Nadine S. Kohane*
Kristen L. Richer (SBN 315883)
**BARNES & THORNBURG LLP**
2029 Century Park East, Ste. 300
Los Angeles, CA 90067
Telephone: (310) 284-3880
Facsimile: (310) 284-3894
kricher@btlaw.com

*Defense Liaison Counsel and
Counsel for Defendant Lyft, Inc.*

Nadine S. Kohane (admitted pro hac vice)
**BARNES & THORNBURG LLP**
390 Madison Ave., 12th Floor
New York, NY 10017
Telephone: (646) 746-2000
Facsimile: (646) 746-2001
nkohane@btlaw.com

Beth A. Stewart (admitted pro hac vice)
David Randall J. Riskin (admitted pro hac vice)
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
bstewart@wc.com
driskin@wc.com

*Counsel for Defendant Lyft, Inc.*

**IT IS SO ORDERED.**

Dated:

_____
Hon. Rita F. Lin
United States District Court Judge

STIPULATED AMENDED PRETRIAL ORDER NO. 14:
DISCLOSURE OF RIDE RECEIPT INFORMATION
CASE NO. 3:26-MD-03171-RFL

## SIGNATURE ATTESTATION

I hereby attest that I am the ECF User whose ID and password are being used to file this document.  In compliance with Civil Local Rule 4-1(i)(3), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  July 8, 2026                              Respectfully submitted,

                                                  **BARNES & THORNBURG LLP**

                                                  By:  */s/ Nadine S. Kohane*
                                                        Nadine S. Kohane
                                                        *Counsel for Defendant Lyft, Inc.*

STIPULATED AMENDED PRETRIAL ORDER NO. 14:
DISCLOSURE OF RIDE RECEIPT INFORMATION
CASE NO. 3:26-MD-03171-RFL