*[Counsel Listed on Signature Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: LYFT, INC. PASSENGER SEXUAL ASSAULT LITIGATION, | Case No. 3:26-MD-03171-RFL |
| | Magistrate Judge: Honorable Lisa J. Cisneros |
| This Document Relates to: | **JOINT STATUS REPORT FOR AUGUST 25, 2026 DISCOVERY STATUS CONFERENCE** |
| ALL ACTIONS | |

In advance of the August 25, 2026 discovery status conference, Plaintiffs and Lyft, Inc. submit this Joint Status Report.

## I. Update on ESI Negotiations and Discovery Milestones

As contemplated by Pretrial Order No. 19 (Dkt. 297) and the parties' Stipulation Regarding Interim Discovery Deadlines (Dkt. 310), the parties are conferring regarding several issues and provide the following update to the Court.

### A. Discovery Milestones/ESI Section 7 Disclosures

Pretrial Order No. 19 (Dkt. 297) and the Stipulation Regarding Interim Discovery Deadlines (Dkt. 310) required Lyft to produce by July 24, 2026 additional disclosures regarding custodial and non-custodial data sources it considered likely to contain relevant documents and ESI, among other items, "to the extent [it] had not already done so." Plaintiffs have raised concerns with Lyft regarding the sufficiency of the disclosures provided on July 24, 2026. Lyft has advised Plaintiffs that it believes its prior disclosures were adequate. The parties anticipate further conferral on these issues and will bring any disputes to the Court's attention pursuant to PTO 18.

### B. Outstanding ESI Questions and Data Transfer

On August 6, 2026, Lyft disclosed proposed custodians, date ranges, search terms, and hit reports reflecting Lyft's testing of its proposed terms against the data available to Lyft as of that date. As noted in Lyft's August 6 letter, and as discussed with Plaintiffs, Lyft has encountered technological challenges in exporting Google Drive data from Google Vault. Lyft has advised Plaintiffs that this is an understood issue with Google Vault, and it has resulted in delays—currently estimated at approximately 14 days—in the transfer of certain data (specifically, portions of newly collected data for Lyft's refresh custodians and new custodians) to Lyft's vendor for analytics. The parties are continuing to confer on this issue, including Plaintiffs' requests for additional details to understand the amount of data being transferred, including by custodian or any capacity-related information.

As the parties confer, it is their intent to move forward on other pending discovery issues, as they are able. Plaintiffs have raised questions regarding Lyft's ESI infrastructure and its ESI disclosures, which Plaintiffs believe are incomplete and critical to make informed decisions

regarding such things as search terms and identification of custodians. The parties are continuing to confer on these issues. Plaintiffs anticipate filing a PTO 18 letter with the Court shortly in light of the incomplete ESI responses. Lyft does not believe any such dispute is ripe for consideration by the Court, particularly given its ongoing efforts to respond to Plaintiffs' questions, with the benefit of additional context from the parties' recent meet and confer and the written discovery served by Plaintiffs.

**C. Responses to Written Discovery**

On August 4, 2026, Lyft served responses and objections to Plaintiffs' written discovery. Plaintiffs are reviewing Lyft's responses, and the parties will confer in the coming days regarding the adequacy of Lyft's written discovery responses; the scope of discovery; and appropriate search terms, custodians, and non-custodial sources to address the substance of Plaintiffs' requests.

**D. Custodial and Non-Custodial Searches and Search Terms**

On August 6, Lyft proposed custodians, date ranges, and search terms, and provided resulting hit reports for the data available to it at that time. Lyft asserts its proposal—comprising of 26 search terms and 15 custodians (6 supplemental "refresh" custodians, and 9 new custodians)—tracks and builds upon the search terms and 53 custodians used in the JCCP.

On August 13 and 14, respectively, Plaintiffs served their responsive proposal for search terms and custodians. Plaintiffs proposed 248 search terms and 137 custodians, inclusive of the custodians proposed by Lyft and those in the JCCP.[1]

Plaintiffs submit that their proposed identification of search terms and initial identification of custodians are necessarily broader and more inclusive than those used in the JCCP due to the scope of the JCCP collection and production and Plaintiffs' concerns related to Lyft's July 24, 2026 letter. Plaintiffs have advised Lyft as to their position that the scope of the production in the JCCP is not adequate for purposes of the MDL for numerous reasons, some of which were discussed at the initial March 25, 2026 CMC (Mar. 25, 2026 Hr'g Tr. at 18:15-20:2, 33:10-14). Plaintiffs ask that their proposed search terms be applied across all custodians and across all time frames.

---

[1] All but three of the original JCCP custodians are no longer employed by Lyft.

Lyft disputes Plaintiffs' characterization of the JCCP discovery, which was extensive, and was the result of negotiations with JCCP Plaintiffs' Leadership and decisions from the JCCP Court and discovery referee. Lyft has concerns regarding the scope of Plaintiffs' proposal for discovery in the MDL, and it is in the process of evaluating the proposal so the parties can confer further on these issues.

**E. Lyft's Intended Use of AI and/or TAR**

The parties' Stipulation Regarding Interim Discovery Deadlines (Dkt. 301) currently contemplates that Lyft will disclose its decision as to whether it intends to utilize TAR or AI-assisted review by August 24, 2026.

Plaintiffs wish to bring to the Court's attention their concerns about the delay occasioned by technological challenges related to the export and transmittal of data to Lyft's vendor, and the scope of Lyft's disclosures to date. In Plaintiffs' view, this may likely create obstacles to current discovery milestones and the schedule.

Lyft, for its part, maintains that its prior disclosures were adequate, and it nevertheless continues to engage with Plaintiffs' additional inquiries in an effort to facilitate the parties' ESI negotiation process. Lyft shares Plaintiffs' concerns regarding the unavoidable delay associated with the Google Vault exports, but has endeavored to move things forward where it can (including by providing interim hit reports), and it has been transparent and collaborative with Plaintiffs in working through this technological issue. Lyft's view is that there is substantial progress that can and should be made while the parties navigate challenges with exporting data from Google Vault. To the extent the parties need to confer on and adjust certain deadlines to reflect data transfer challenges, Lyft is confident they can do so without fully halting the meet and confer process.

In the event the parties' discussions on any of the above ESI-related issues are unsuccessful, the parties will address such concerns through the discovery dispute resolution process.

**F. Lyft's Production of Discovery Previously Produced by Lyft to Government Entities Regarding Rideshare Sexual Assault**

In accordance with Pretrial Order No. 11 (Dkt. 178) on August 17, 2026 Lyft was required to substantially complete production of discovery previously produced by Lyft to government

entities (other than grand juries) regarding rideshare sexual assault. Lyft produced 332 documents. Plaintiffs are in the process of reviewing Lyft's production and the parties will confer in the coming days regarding the same.

## II. Privilege Log Protocol

The parties continue to confer regarding a proposed order governing the handling of privileged materials. The parties anticipate conferring on their respective mark-ups later this week.

## III. Matters Pending Determination by the Court

### A. Amended Pretrial Order No. 17

Following the July 14 Discovery Status Conference, the parties conferred regarding Plaintiffs' ESI Obligations in producing documents with Plaintiff Fact Sheets. On July 29, 2026, the parties submitted a joint letter to the Court (Dkt. 311) reporting that they had reached agreement on this issue, attaching a proposed, Amended Pretrial Order No. 17. The parties also sought guidance from the Court as to whether they should submit the proposed order to Judge Lin, given that Judge Lin entered the original Pretrial Order No. 17 prior to the ESI-related issue being referred to Your Honor for consideration.

### B. Lyft's Application Regarding Preservation Order

On June 30, 2026, Lyft submitted its Application Regarding Preservation Order (Dkt. 247), which sought certain relief from the Preservation Order entered by the Court.[2] Plaintiffs filed their response on July 10 (Dkt. 271). Lyft's application is pending decision by the Court.

Dated: August 18, 2026

Respectfully submitted,

By: *Kristen L. Richer*

Kristen L. Richer (SBN 315883)
Sandra M. Ko (SBN 260863)
Erin M. Gilmore (SBN 324319)
**BARNES & THORNBURG LLP**
2029 Century Park East, Ste. 300
Los Angeles, CA 90067
Telephone: (310) 284-3880
Facsimile: (310) 284-3894

[2] At the Court's request, Lyft also filed a corrected version of its application on July 14, 2026, addressing the highlighting on its proposed redactions (Dkt. 277).

kricher@btlaw.com
sko@btlaw.com
egilmore@btlaw.com

*Defense Liaison Counsel and Counsel for Defendant Lyft, Inc.*

Nadine S. Kohane (admitted *pro hac vice*)
**BARNES & THORNBURG LLP**
390 Madison Ave., 12th Floor
New York, NY 10017
Telephone: (646) 746-2000
Facsimile: (646) 746-2001
nkohane@btlaw.com

Beth A. Stewart (admitted *pro hac vice*)
David Randall J. Riskin (admitted *pro hac vice*)
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
bstewart@wc.com
driskin@wc.com

*Counsel for Defendant Lyft, Inc.*

By: *Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

Aimee Wagstaff
**WAGSTAFF LAW FIRM**
940 N. Lincoln Street
Denver, CO 80203
Telephone: (720) 255-7623
awagstaff@wagstafflawfirm.com

Roopal P. Luhana
**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016

Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

**SIGNATURE ATTESTATION**

I hereby attest that I am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 4-1(i)(3), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: August 18, 2026

Respectfully submitted,

**BARNES & THORNBURG LLP**

By: *Kristen L. Richer*
Kristen L. Richer

*Counsel for Defendant Lyft, Inc.*