[Submitting Counsel Below]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**IN RE: LYFT, INC. PASSENGER SEXUAL ASSAULT LITIGATION**

This Order Relates To:

ALL ACTIONS

No. 3:26-md-03171-RFL

**STIPULATED AND AMENDED PRETRIAL ORDER NO. 17: PLAINTIFF AND DEFENDANT FACT SHEETS**

This Pretrial Order ("PTO" or "Order") governs the form, schedule for completion, and service of Plaintiff Fact Sheets ("PFS") and Defendant Fact Sheets ("DFS") in this MDL. This Order applies to Defendant Lyft Inc. ("Lyft"), and all Plaintiffs and their counsel in: (a) all actions transferred to *In re: Lyft, Inc. Passenger Sexual Assault Litigation* ("MDL-3171") by the Judicial Panel on Multidistrict Litigation ("JPML") and (b) to all related actions directly filed in or removed to this MDL in this Court.

**1. Online Platform**

The Court hereby appoints Rubris to serve as the online platform for the data management of PFS and DFS. The parties are directed to utilize the Rubris platform to fulfill their PFS and DFS obligations as detailed below and, to the extent not already done, directly or through their designated representatives, enter into a contract with Rubris specifying the services to be provided, the costs of such services, and the parties' respective payment obligations. Rubris shall work with the parties to

compile all necessary data. The parties shall serve their respective PFS and DFS, and responsive documents to the requests for production of documents by uploading them to Rubris. Uploading the responsive discovery to Rubris shall constitute effective service.

**2. Plaintiff Fact Sheets**

The Court has approved a template PFS that includes production of certain documents and/or written authorizations for the release of records ("Authorizations"), as identified in the PFS form. *See* Exhibit 1. Each Plaintiff must submit a completed PFS, including production of any documents and executed Authorizations called for by the PFS, through Rubris pursuant to the terms of this Order.

The obligation to comply with this PTO and to provide a PFS shall fall solely on each Plaintiff and their individual counsel. As with all case-specific discovery, Plaintiffs' Lead Counsel and the members of the Plaintiffs' Steering Committee are not obligated to conduct case-specific discovery for Plaintiffs by whom they have not been individually retained. In addition, Plaintiffs' Lead Counsel and the members of the Plaintiffs' Steering Committee have no obligation to notify counsel for Plaintiffs whom they do not represent of Lyft's notice of overdue or deficient discovery nor to respond to any motion practice pertaining thereto. In addition to representing Plaintiff's counsel, Plaintiffs' Leadership's Designated Counsel for alleged case-specific deficiencies ("Designated Counsel") shall be notified of all alleged PFS/DFS deficiencies and assist in meet and confer efforts to cure alleged deficiencies.

**3. Defendant Fact Sheets**

The Court has approved a DFS that includes document requests. *See* Exhibit 2. Lyft must submit a completed DFS and documents responsive to the requests in the DFS ("DFS Responsive Documents") pursuant to the terms of this Order.

**4. Discovery Mechanism**

The effect of a Party's response to the questions contained in the PFS and DFS shall be considered the same as interrogatory responses under Fed. R. Civ. P. 33 and document requests under Fed. R. Civ. P. 34, and shall be supplemented in accordance with Fed. R. Civ. P. 26. The Parties' use of the PFS and DFS, document productions, and Authorizations shall be without

prejudice to their rights to serve additional, non-duplicative discovery in the selected bellwether cases following their selection and order by the Court. The Parties shall otherwise not serve any additional case-specific discovery without either consent of the Party from which documents or information are requested or prior authorization from the Court.

**5. PFS and DFS Deadlines**

The following PFS and DFS deadlines shall apply:

**a. Cases Filed/Transferred on or Before the Date of Entry of this Order**

For cases directly filed in this judicial district and entered on the MDL 3171 docket on or before the date of entry of this Order and for cases the JPML transferred to MDL 3171 on or before the date of entry of this Order, each Plaintiff must complete, verify, and submit a PFS, with any responsive documents, and applicable executed Authorizations, within thirty (30) days of their ride being verified as contemplated in Pretrial Order No. 14: Disclosure of Ride Receipt Information (Dkt. 190). Within thirty (30) days of receipt of a substantially complete PFS, with any responsive documents and applicable executed Authorizations, Lyft shall complete and submit a DFS and produce any responsive documents called for in the DFS.

A case shall be deemed transferred to MDL 3171 either: (a) on the date the Clerk enters a certified copy of the JPML's Conditional Transfer Order on the docket of this Court, or (b) where transfer is contested, the date of transfer in any subsequent order from the JPML.

**b. Cases Filed/Transferred After the Date of Entry of this Order**

For cases directly filed in this judicial district and entered on the MDL 3171 docket, and for cases the JPML transfers to MDL 3171 after the date of entry of this Order, each Plaintiff must complete and submit a PFS, with any responsive documents and applicable executed Authorizations within thirty (30) days of their ride being verified as contemplated Pretrial Order No. 14: Disclosure of Ride Receipt Information (Dkt. 190). Within thirty (30) days after receipt of a substantially complete PFS, and applicable executed Authorizations, Lyft must complete and submit a DFS and produce DFS Responsive Documents.

**c. Cases Where Ride Cannot be Verified**

Irrespective of the deadlines outlined above, if the Ride Receipt or Ride Information Form submitted by a Plaintiff, as contemplated by Pretrial Order No. 14: Disclosure of Ride Receipt Information (Dkt. 190), is insufficient to allow Lyft to identify a specific trip associated with a Plaintiff's alleged incident, then Plaintiff need not complete a PFS, and Lyft need not complete the DFS. In the event a Plaintiff is able to cure this issue by providing supplemental information to Lyft, then the PFS and DFS deadlines for that Plaintiff, as contemplated in Sections 5(a) and 5(b), above, shall be triggered by Lyft's review of that information and determination that it is able to identify the subject ride.

**6. Procedures for Serving Completed Plaintiff and Defendant Fact Sheets and Associated Documents**

Within the deadlines prescribed for the PFS in the prior section, Plaintiffs shall serve the completed PFS with any responsive documents, and applicable executed Authorizations upon Lyft's counsel. Service shall be accomplished by uploading the verified PFS to Rubris in the relevant Plaintiff's case file via their unique identifying number and by producing any responsive documents and applicable Authorizations in the same manner and format as detailed in the PFS and set forth below.

Within the deadlines prescribed for the DFS in the prior section, Lyft shall serve the completed DFS and DFS Responsive Documents upon Plaintiff's counsel. Service shall be accomplished by uploading the verified DFS to Rubris in the relevant Plaintiff's case file via their unique identifying number and by producing all DFS Responsive Documents in the same format as detailed in the ESI protocol.

**a. Substantial Completeness of PFS and DFS**

The PFS and DFS submission must be substantially complete, which means a Party must:

i. Answer all applicable questions in the PFS or DFS to the best of their ability and/or recollection. Where indicated in the PFS or DFS form, parties may answer questions by indicating "not applicable," "do not recall," or "do not know" and provide the requisite explanation, where noted and in accordance with the instructions within the Fact Sheet;

ii. Include an electronically signed Verification;

iii. Provide duly executed record release Authorizations (for a PFS), when applicable; and

iv. Produce the requested documents to the extent such documents are in the Party's possession, custody, or control. Documents produced in connection with the DFS shall be provided in the same format as detailed in the ESI protocol, but shall be uploaded to Plaintiffs via Rubris. Documents produced in connection with the PFS shall be produced in the following format:[1]

a. Plaintiff shall produce spreadsheet (such as XLS, XLSX, XLSB, or XLSM) and presentation (such as PPTX) files in native file format or, if not available, such other reasonably usable format that retains the information of the original document.

b. Any photographs produced by Plaintiff shall be produced in color if Plaintiff is in possession of a color photograph.

c. Any document(s) produced with the PFS shall be produced in full, without content or portions of the document being cut off or obscured from review to the extent in Plaintiff's possession, except as specified in (f) below due to a redaction.

d. A Plaintiff's production documents shall be uniquely named and sequentially numbered with Bates Stamps.

e. For email families in a Plaintiff's production, the parent-child relationships (the association between emails and attachments) should be preserved in that email attachments should be consecutively produced and Bates Stamped with the parent email record.

f. To the extent any document requires redaction, a Plaintiff shall clearly designate the basis for the redaction by stamping the redaction and/or providing a separate log, identifying the basis for redaction. To the extent the basis for redaction reflects a privilege designation, Plaintiffs shall comply with the forthcoming privilege protocol, to be negotiated by the Parties and entered by the Court.

[1] Nothing in this Order shall be read to apply to bellwether discovery. The Parties reserve all rights and arguments regarding the bellwether discovery process. The Court understands that the Parties have reserved the issue of and deferred negotiation on bellwether specific discovery.

g. Notwithstanding the foregoing provisions, paragraph (a) shall not apply to documents that were collected from a given Plaintiff prior to the entry of Amended Pretrial Order No. 17. To the extent such a Plaintiff produces a document other than in the format required above, and Lyft encounters challenges with review of the document due to the format of production, the Parties shall confer to determine whether this can be reasonably resolved.

h. To the extent Lyft has a request, question, or concern regarding the metadata for a document produced with a Plaintiff's Fact Sheet, Lyft may raise that concern with Plaintiff's counsel, and the Parties shall reasonably confer regarding that issue, including whether production in an alternative document production format is available and would address Lyft's concerns. Any such requests by Lyft shall be specific and targeted, and will include an explanation from Lyft as to why it believes additional information is warranted.

If a Party considers a PFS or DFS to be materially deficient,[2] a deficiency notice outlining the purported deficiency(ies) shall be served on the deficient Party's attorney of record via Rubris, as well as Designated Counsel. The parties, as well as Designated Counsel for alleged deficiencies, shall meet and confer within fourteen (14) days of notice of the alleged deficiency. The deficient party shall have thirty (30) days after receipt of the notice of the alleged deficiency(ies) to correct the alleged deficiency(ies). If Plaintiff's counsel is unable to cure alleged deficiencies within the thirty (30) days, Plaintiff shall notify Lyft of their intentions with respect to the case, including a request for an extension of time to cure, Plaintiff's voluntary dismissal of the case, or Plaintiff's counsel's withdrawal as counsel for Plaintiff. If Plaintiff fails to notify Lyft of their intentions, Lyft shall promptly notify the Court of such failure and shall seek leave of the Court for Plaintiff to show cause why their case should not be dismissed without prejudice. Lyft may raise multiple Member Cases' deficiencies in a single application to the Court.

---

[2] Material deficiencies shall not include typographical errors and any details which may be corrected by counsel without submitting a newly executed PFS verification.

**7. Plaintiffs that Fail to Timely Serve a PFS**

In the event a Plaintiff misses the deadline to timely complete and serve a PFS, Lyft shall serve a Notice of Overdue PFS on that Plaintiff's counsel and Designated Counsel of the failure to comply with this Order. The Plaintiff shall have fourteen (14) days from the date of notice to timely complete, verify, file, and serve the substantially completed PFS. If Plaintiff is unable to substantially complete and serve a PFS within fourteen (14) days, Plaintiff shall notify Lyft of their intentions with respect to the case, including a request for an extension of time to serve a completed PFS, Plaintiff's voluntary dismissal of the case, or Plaintiff's counsel's withdrawal as counsel for Plaintiff. If Plaintiff fails to notify Lyft of their intentions or fails to submit a substantially completed PFS within fourteen (14) days of receiving notice, Lyft shall promptly notify the Court of such failure and shall seek leave of the Court for Plaintiff to show cause why their case should not be dismissed without prejudice. Lyft may raise multiple Member Cases' deficiencies in a single application to the Court.

**8. Objections Reserved to PFS and DFS**

All objections to the admissibility of information contained in the PFS and DFS are reserved; therefore, no objections shall be lodged in the responses to the questions and requests contained therein. This paragraph, however, does not prohibit a Party from withholding or redacting information based upon a recognized privilege and in accordance with the Federal Rules of Civil Procedure or applicable Pretrial Orders on discovery issues in this MDL. Documents withheld on the basis of privilege shall be logged in accordance with Pretrial Order No. 6: Initial JCCP Document Production and Interim Protective Order (Dkt. 88) regarding produced information and documents unless and until the Court issues a subsequent Order regarding privileged material, which shall supersede all prior protective orders and govern all member cases and Parties in this MDL.

**9. Confidentiality of Data**

To the extent that the PFS or DFS requires the responding party to provide confidential documents or information, the disclosure shall be governed by the Pretrial Order No. 12: Stipulated Protective Order (Dkt. 183).

**10. Scope of Depositions and Admissibility of Evidence**

Nothing in the PFS or DFS shall be deemed to limit the scope of inquiry at depositions or impact the admissibility of evidence at trial. The scope of inquiry at depositions shall remain governed by the Federal Rules of Civil Procedure. The Federal Rules of Evidence shall govern the admissibility of information contained in responses to the PFS and DFS and no objections are waived by virtue of providing information in any PFS or DFS.

**11. Rules Applicable to Plaintiffs' Authorizations**

As set forth above, applicable Authorizations, shall be provided with the PFS at the time that the Plaintiff is required to submit a PFS pursuant to this Order.

Should Plaintiffs provide Authorizations that are undated, this shall not constitute a deficiency or be deemed to be a substantially non-complete PFS. Lyft (or the applicable records vendor, which the Parties may elect to jointly retain) has permission to date (and where applicable, re-date) undated Authorizations before sending them to records custodians.

If an agency, company, firm, institution, provider, or records custodian to whom any Authorization is presented refuses to provide records in response to that Authorization, Lyft (or the applicable records vendor) shall notify a Plaintiff's individual representative counsel and Designated Counsel. Upon notification, counsel shall work together in good faith to resolve the records issue.

In the event a records custodian requires a proprietary authorization or other particular form, Lyft (or the applicable records vendor) will provide it to Plaintiff's individual representative counsel who shall thereafter execute and return the proprietary authorization or other particular form within fourteen (14) days.

Lyft or its designees (including the applicable records vendor) shall have the right to contact agencies, companies, firms, institutions, or providers to follow up on record copying or production, after prior consent by Plaintiffs.

Counsel for each Plaintiff will have the right to obtain copies of all documents Lyft receives pursuant to Authorizations provided by that Plaintiff. The Parties will meet and confer regarding the

process and terms of Lyft (and/or the applicable records vendor) providing copies of documents obtained.

Regarding Plaintiff's mental health records, Plaintiff's representing counsel shall have a two (2) week first look to review and redact any privileged information and provide Lyft with the redacted records along with a privilege log.

**12. Stipulated Revisions**

If, at any time, the parties wish to stipulate to amendments of the fact sheets or amendments to this Pretrial Order, they may do so by filing a stipulation on the docket. Revisions will be subject to the Court's approval.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: July 29, 2026

Respectfully submitted,

By: *Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

Aimee Wagstaff
**WAGSTAFF LAW FIRM**
940 N. Lincoln Street
Denver, CO 80203
Telephone: (720) 255-7623
awagstaff@wagstafflawfirm.com

Roopal P. Luhana
**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

By: *Kristen L. Richer*
Kristen L. Richer (SBN 315883)
Sandra M. Ko (SBN 260863)
Erin M. Gilmore (SBN 324319)
**BARNES & THORNBURG LLP**
2029 Century Park East, Ste. 300
Los Angeles, CA 90067
Telephone: (310) 284-3880
Facsimile: (310) 284-3894
kricher@btlaw.com
sko@btlaw.com
egilmore@btlaw.com

*Defense Liaison Counsel and*
*Counsel for Defendant Lyft, Inc.*

Nadine S. Kohane (admitted *pro hac vice*)
**BARNES & THORNBURG LLP**
390 Madison Ave., 12th Floor
New York, NY 10017
Telephone: (646) 746-2000
Facsimile: (646) 746-2001
nkohane@btlaw.com

Beth A. Stewart (admitted *pro hac vice*)
David Randall J. Riskin (admitted *pro hac vice*)
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
bstewart@wc.com
driskin@wc.com

*Counsel for Defendant Lyft, Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: August 20, 2026

Hon. Lisa J. Cisneros
United States Magistrate Judge