United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: LYFT, INC. PASSENGER SEXUAL ASSAULT LITIGATION

Case No. 26-md-03171-RFL (LJC)

**ORDER REGARDING CUSTODIANS AND SEARCH TERMS NEGOTIATIONS**

Re: Dkt. No. 386

Pursuant to the Court's Order, Dkt. No. 374, Plaintiffs and Lyft, Inc., filed a Joint Status Report regarding their negotiations on search terms and custodians. Having reviewed the lengthy update, the Court orders the following to advance the parties' efforts. Dkt. No. 386.

By September 7, 2026, at 10:00 am Lyft shall comply with Judge Lin's May 29, 2026 order that it substantially complete production of discovery previously produced by Lyft to government entities (other than grand juries) regarding rideshare sexual assault. Dkt. No. 178. This material may not be held back, as the material should have already been reproduced independent of custodial discovery.

The parties shall appear at Courtroom G on September 8, 2026 at 9:00 am to meet and confer in-person regarding the designation of custodians for document discovery in this MDL. By 7:00 am, on September 8, 2026, Plaintiffs shall notify Lyft of, at minimum, eight of the forty custodians that Plaintiffs seek to designate for document discovery, and Plaintiffs shall respond to Lyft's proposed six supplemental refresh custodians and nine new MDL custodians. The parties shall be prepared to negotiate and agree upon the designation of all, or substantially all, of the forty custodians that are part of the Court's presumptive cap, beyond the JCCP custodians.

Turning to the issue of search terms, the parties shall appear at Courtroom G on September

9, 2026 at 9:00 am to meet and confer in-person regarding search terms. By 7:00 am on September 9, 2026, Lyft shall disclose to Plaintiffs the particular categories of documents that are responsible for significant hit counts or, if Lyft believes certain search terms or search strings are predominately returning non-responsive results (i.e., false positives), identify those categories and provide representative examples.

The Court observes that unless there is strong justification for a broader approach, proximity searches should determine whether a keyword or phrase occurs within no more than twenty words of another keyword or phrase. Searches with even closer proximity are often more useful to identify responsive documents. Proximity searches designed to locate a document by a keyword or phrase within one paragraph of another keyword or phrase should be used sparingly—only when there is a particularly strong need for that broader search.

Furthermore, the Court is skeptical of importing, on a wholesale basis, the search terms negotiated in the Uber MDL. Because there are overlapping terms and concepts between the Lyft and Uber MDLs, such as “sexual assault,” “sexual misconduct,” “rape,” “abuse,” some search terms in both MDLs will be the same. That said, search terms must also be selected in consideration of Lyft as a separate company with its own programs, policies, and lexicon. Blind reliance on the Uber MDL search terms is inappropriate.

**IT IS SO ORDERED.**

Dated: September 4, 2026

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California