**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: LYFT, INC. PASSENGER SEXUAL ASSAULT LITIGATION** MDL No. 3171

**TRANSFER ORDER**

**Before the Panel:*** Plaintiffs in the action listed on Schedule A (*Doe*) move under Panel Rule 7.1 to vacate our order that conditionally transferred their action to MDL No. 3171. Defendant Lyft Inc. (Lyft) opposes the motion to vacate.

After considering the argument of counsel, we find that this action involves common questions of fact with the actions previously transferred to MDL No. 3171, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that centralization was warranted for actions sharing factual questions arising out of allegations that Lyft was aware of the risk of sexual assault but failed to: (1) screen and background check drivers appropriately; (2) train and supervise drivers adequately; (3) respond to complaints and feedback about sexual misconduct from drivers; (4) implement safety design changes to the Lyft app; and (5) adopt standard safety measures, such as video and audio monitoring. *See Lyft, Inc. Passenger Sexual Assault Litig.*, 819 F. Supp. 3d 1359, 1359-60 (J.P.M.L. 2026). Like plaintiffs in the MDL, the *Doe* plaintiffs allege that they used the Lyft app to request a ride and were assaulted by their driver. They also allege Lyft performed inadequate background checks and driver training, was aware of and concealed the scale of its sexual assault problem, and misrepresented its commitment to safety.

Plaintiffs oppose transfer primarily on the ground that their action was improperly removed from state court, federal jurisdiction is lacking, and the District of Arizona should decide their motion to remand to state court. The District of Arizona denied plaintiffs' jurisdictional motion on August 27, 2026, rendering these arguments moot. Furthermore, we consistently have held that we do not consider the merits of remand motions in deciding whether actions should be transferred, and that arguments concerning the propriety of federal jurisdiction are insufficient to warrant vacatur. *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

---

* Judge M. Casey Rodgers took no part in the decision of this matter.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Rita F. Lin for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell

Karen K. Caldwell
Chair

Matthew F. Kennelly
Dale A. Kimball
Richard Seeborg
David C. Norton
Madeline Cox Arleo

**IN RE: LYFT, INC. PASSENGER SEXUAL ASSAULT LITIGATION** MDL No. 3171

**SCHEDULE A**

District of Arizona

DOE (A.P.), ET AL. v. LYFT INCORPORATED, ET AL., C.A. No. 2:26-04231