UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: LYFT, INC. PASSENGER SEXUAL ASSAULT LITIGATION

Case No. 26-md-03171-RFL (LJC)

**ORDER RESOLVING SCHEDULE TO COMPLETE THE INGESTION OF CUSTODIAL RECORDS AND COMMENCE SEARCH TERM VALIDATION**

Re: Dkt. No. 457

On September 20, 2026, the Court determined that validation efforts required under the parties' ESI protocol includes not only validation of technology assisted review (TAR), but also search terms used to cull document collections before applying TAR. Dkt No. 430. Now the parties dispute when the search term validation should be conducted. Dkt No. 457. Lyft has identified certain technological challenges to the record collection process and, on that basis, contends that no precise deadlines should be set but has offered a variety of proposals wherein a search term validation protocol would be deployed once. Having reviewed the parties' discovery letter, *id.*, the Court is persuaded that Plaintiffs' proposed schedule is closer to a schedule that will move discovery along meaningfully without undue delay in search term validation.

The difficulty with Lyft's proposal is that it creates the possibility that validation does not occur until near the substantial-completion deadline, January 4, 2027, which undermines the utility of the search term validation effort and reverses this Court's earlier determination that search term validation should not be delayed to that extent. Dkt. No. 430. Furthermore, Lyft is unwilling to make any commitment as to when it can complete ingestion given the technical challenges that it has identified. The Court notes that the January 4, 2027 substantial discovery deadline was set

United States District Court
Northern District of California

several months ago, on May 29, 2026. Dkt. No. 178. In the JCCP summary provided by Lyft there was no suggestion that the collection of records for the fifty-plus JCCP custodians was only partial. Dkt. No. 44. It has not been disputed that JCCP custodians would also serve as custodians in this MDL. To the extent that Lyft has been aware of the technical challenges to collecting custodial records though Google Vault since at least the summer, *see* Dkt. No. 329 at 2, the time to dedicate the resources necessary to meet the Court imposed discovery deadlines is now.

Turning to Plaintiffs' proposal, it is confusing insofar as they propose that validation commence on October 26, 2026, and ingestion must be completed little more than a week later—no later than November 6, 2026. This timing suggests that Plaintiffs are similarly, if not equally, interested as Lyft in having keyword validation be completed once. Given that validation once is the optimal approach, Lyft shall complete ingestion of all custodial records no later than November 6, 2026 and search term validation shall commence by November 10, 2026, unless the parties jointly stipulate to alter these deadlines. On October 23 and 30, 2026, Lyft shall provide status reports to Plaintiffs regarding its progress collecting and ingesting the custodial records using the data fields that Plaintiffs have proposed, except where the Court has denied below certain information sought by Plaintiffs. *See* Dkt. No. 457-2 at 7.

With respect to the proposed Keyword Validation Schedule & Protocol, for the reasons Lyft states, which Plaintiffs did not respond to: Plaintiffs' proposed redlines to Paragraph 2, adding the phrase "including but not limited to" and the footnote language, is DENIED; Plaintiffs' additions to Paragraph 5 regarding extra days for Lyft to provide a privilege log is DENIED; Plaintiffs' addition of the final paragraph is DENIED.

**IT IS SO ORDERED.**

Dated: October 9, 2026

LISA J. CISNEROS
United States Magistrate Judge