UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: LYFT, INC. PASSENGER SEXUAL ASSAULT LITIGATION

Case No. 26-md-03171-RFL (LJC)

**ORDER RESOLVING DISCOVERY DISPUTE AT ECF NO. 476**

Re: ECF No. 476

The Court has reviewed the parties' joint discovery letter regarding Lyft's identification of non-custodial data sources. ECF No. 476. Plaintiffs' requested relief is **GRANTED IN PART** and **DENIED IN PART**.

Section 7 of Pretrial Order No. 19 (PTO 19 or ESI Protocol) requires Lyft to identify "the specific names of custodial and non-custodial data sources likely to contain potentially relevant documents and ESI and the information each source includes." ECF No. 297 at § 7. The Order further provides that "[i]nformation that serves to identify or locate such material, such as file inventories, file folders, indices, and metadata, are also included in this definition. *Id.* Lyft appears to draw a distinction between sources that are repositories for such information and sources that it describes as tools used to locate or identify, as in, present certain information. Lyft appears to take the position that it was required to disclose the former, but not the later information, as non-custodial sources. A categorical distinction of this kind is not consistent with Section 7 of PTO 19, which expressly encompasses information that serves to identify or locate potentially relevant materials. Where an application, spreadsheet, list, or tool provides access to, identifies, or locates potentially relevant information retained in another system, Lyft must provide sufficient information about that item and its relationship to the underlying data source to permit

United States District Court Northern District of California

United States District Court
Northern District of California

Plaintiffs to understand where and how potentially relevant information is maintained and accessed.

Plaintiffs contend that Lyft's narrow approach to disclosing non-custodial sources of ESI has obscured the existence and location of key information, delaying Plaintiffs' ability to identify relevant information concerning a wide range of topics, such as policies and standards for driver conduct, processes for onboarding, evaluating, disciplining and deactivating drivers, and marketing strategies for attracting women riders. Although PTO 19 contemplates an iterative discovery process, that is not an invitation to delay disclosure of information that should have already been identified through a reasonable investigation. Plaintiffs can identify key categories of information that are relevant for discovery purposes, and they are not required to make discovery requests using precise or technical terms, or verbiage that would only be known to Lyft employees or management with experience concerning the relevant topics. Under Rule 34, Plaintiffs are required to make their requests for the production of documents by describing "with reasonable particularity each item or category" of information that they seek.

At the May 13, 2026 case management conference, Judge Lin spoke with Plaintiffs and Lyft regarding the Northern District of California's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information (ESI). ECF No. 159 (Tr. 16:10-13). Plaintiffs advised Judge Lin that they were looking for "substantive disclosures from Lyft" concerning, among other things, "where their non-custodial data is stored." *Id.* (Tr. 16:12-24).

The NDCAL Checklist calls for the parties to share information about the location of ESI and types of ESI systems:[1]

- Identification of systems from which discovery will be prioritized (e.g., email, finance, HR systems).
- Description of systems in which potentially discoverable information is stored.
- Location of systems in which potentially discoverable information is stored.
- How potentially discoverable information is stored.
- How discoverable information can be collected from systems and media in which it is stored.

[1] The Checklist is located at https://cand.uscourts.gov/sites/default/files/wp-content/uploads/forms/e-discovery-esi-guidelines/ESI_Checklist-12-1-2015.pdf.

The Checklist also calls for the parties to discuss the phasing of discovery for ESI sources that are most likely (to be "included in the first phases of Fed. R. Civ. P. 34 document discovery") and less likely (to be "postponed or avoided") to contain discoverable information, which necessarily involves identifying systems and other sources of information and explaining how the information is stored. Judge Lin set a May 20, 2026 deadline for the parties to exchange ESI checklist information. ECF No. 154.

Plaintiffs were dissatisfied with Lyft's disclosures in response to the NDCAL ESI Checklist, and when the parties briefed their respective proposals for an ESI Protocol, Plaintiffs included Section 7 in their proposed ESI Protocol, setting forth the required disclosures of custodial and non-custodial documents and ESI. ECF No. 203 at 8-9 (discussing Lyft's "Lacking Disclosures" and Plaintiff's proposal for Section 7 of the ESI Protocol). The Court ultimately required Lyft to provide certain information to clarify sources of ESI and also approved an ESI Protocol that included Section 7. ECF Nos. 226, 297.

Section 7 required Lyft to make its disclosures by August 3, 2026, to the extent it had not already done so. The declaration of Tiffany Ellis (ECF No. 476-1) reflects that Plaintiffs repeatedly requested information about Lyft's non-custodial sources, beginning well before that deadline, and continued to seek clarification concerning particular sources, their contents, and their relationships to other systems for months thereafter. Certain sources and tools, including those related to safety data, appear to have been identified or explained for the first time after the August 3 deadline. While the Court recognizes that additional sources may be identified through the iterative discovery process, the record raises substantial concerns regarding the timeliness and adequacy of Lyft's disclosures. Plaintiffs should not have to repeatedly inquire about individual systems or sources for ESI, addressing clearly relevant topics such as policies and standards for driver conduct, processes for onboarding, evaluating, disciplining and deactivating drivers, and marketing strategies for attracting women riders, just to obtain information that was required under a court order that made the NDCAL ESI Checklist mandatory, and where PTO 19 required Lyft to disclose relevant custodial and non-custodial sources.

Yet the parties' submissions reflect continuing uncertainty regarding the identification,

location, contents, and relationships of certain potentially relevant, non-custodial sources concern several topics that are critical for this litigation. At the November 9, 2026 hearing, the Court clarified its reading of the disclosures required in Section 7 of the ESI Protocol. Accordingly, within three business days from this Order, Plaintiffs shall provide a list of topics covered by its Requests for Production where there is still a lack of clarity regarding the non-custodial sources of ESI pertinent to that topic. Within one week after Plaintiffs serve that list on Lyft, Lyft shall supplement its prior disclosures with a chart that identifies, for each topic: (1) the specific name(s) of non-custodial data sources in Lyft's possession, custody, and control likely to contain potentially relevant evidence; and (2) the exact information that each non-custodial source includes. Lyft's chart with supplemental disclosures shall identify and address sources of non-custodial ESI broadly, as defined and reasonably contemplated in the non-exhaustive list provided Section 7 of the ESI Protocol. In Section 7, information such as file inventories, file folders, indices, table of contents, spreadsheets, and dashboards that serve to identify, locate or present responsive material are included in the definition of non-custodial data sources. To the extent Lyft contends that a particular non-custodial source is not itself a data repository, Lyft shall describe its function and identify the underlying source of data.

Lyft shall also provide a declaration, or set of declarations, from knowledgeable corporate representatives, signed under penalty of perjury, describing the investigation undertaken to identify the relevant non-custodial sources and certifying that the supplemental disclosures are complete and accurate based on a reasonable investigation. A conclusory certification of compliance, without the supplemental information described above, is insufficient to resolve the concerns presented here, particularly where Lyft has already certified compliance with Paragraph 7 of PTO 19 that turned out to be inadequate. The parties may stipulate to Rule 30(b)(6) depositions of these declarants, or Plaintiffs may file an administrative motion for leave to conduct Rule 30(b)(6) depositions of these declarants if needed for discovery purposes.

The parties shall thereafter promptly meet and confer following Lyft's supplemental disclosures regarding any remaining deficiencies and the scope, format, and security requirements for producing responsive structured data, consistent with PTO 19, Appendix 1, ¶¶ 12–13.



United States District Court
Northern District of California

United States District Court
Northern District of California

Plaintiffs shall provide any outstanding proposal regarding security measures for the production of sensitive safety data. The remaining requested relief is **DENIED WITHOUT PREJUDICE**. Any renewed discovery dispute must identify specific remaining deficiencies after the supplemental disclosure and comply with PTO 18 (ECF No. 275).

In addition, the parties shall appear for a discovery status conference on November 18, 2026 at 10:30 am and December 8, 2026 at 2:30 pm. Both status conferences shall be held in person in Courtroom G. Two business days before the discovery status conference, the parties shall file a joint discovery status report not to exceed ten pages. The joint status report shall include the parties' joint or separate proposals for an agenda for the discovery status conference. The report for the November 18 conference shall also address the status of Lyft's supplemental disclosures. The report for the December 8 conference shall address the anticipated schedule for production of responsive information from the identified non-custodial sources.

**IT IS SO ORDERED.**

Dated: November 9, 2026

LISA J. CISNEROS
United States Magistrate Judge