UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA



TABATHA MEANS, et al.,

Plaintiffs,

v.

LYFT, INC.,

Defendant.

Case No. 26-md-03171-RFL (LJC)

**ORDER RESOLVING DISCOVERY DISPUTE AT ECF NO. 475**

Re: ECF No. 475

The Court has reviewed the parties' joint discovery letter brief at ECF No. 475 regarding Lyft's production of documents previously provided to government entities. Plaintiffs' requested relief is **GRANTED IN PART** and **DENIED IN PART**.

Pretrial Order No. 11 requires substantial completion "of discovery previously produced to government entities (other than grand juries) regarding rideshare sexual assault." ECF No. 178. For the sake of clarity and a complete understanding of the CPUC, Nebraska, and Maryland reports, Lyft shall reproduce them in complete form without redactions or omissions, including omitted attachments. Redactions for relevance are often disfavored. *Doe v. Trump*, 329 F.R.D. 262, 276 (W.D. Wash. 2018) ("[T]he unilateral redaction of irrelevant or nonresponsive material from otherwise responsive documents gives rise to suspicion that relevant material harmful to the producing party has been obscured and tends to make documents confusing or difficult to use."). Lyft is not required to produce the DOJ report. Though PTO 11 refers to "discovery previously produced by Lyft to government entities," and that verbiage was not understood to include correspondence with legislators, Plaintiffs' request for correspondence and information that Lyft provided to legislators concerning passenger safety as it relates to sexual assault, including attempted assaults and other sexual misconduct, is reasonably within the scope of relevant and

United States District Court
Northern District of California

proportional discovery under Rule 26(b)(1).

Lyft shall provide Plaintiffs with a written response addressing the allegedly missing Massachusetts and Oregon reporting periods, specifying whether the materials were previously produced (with Bates numbers), were not submitted to a government entity, or are otherwise unavailable, and shall produce any responsive materials that may have been inadvertently omitted. Lyft shall also supplement its production to include its communications with, and productions to: (1) Senator Richard Blumental; (2) the nine members of Congress who questioned Lyft about passenger safety in June 2019; (3) Subcommittee Chairs DeFazio and Norton, including Lyft's response to their October 17, 2029 letter; and (4) Congressman Smith and the House Transportation and Infrastructure Committee.

Finally, if there was any correspondence or other written request that prompted Lyft to produce any of the 332 spreadsheets to the relevant government entity, or any written communication that accompanied the production of that information to the relevant government entity, Lyft shall supplement its production to provide that written material if the material has not already been produced, so that Plaintiffs have the context and better ability to understand the data. Lyft shall comply with this order by November 24, 2026.

Plaintiffs' requests for a sworn declaration and sanctions admonishment are **DENIED**.

**IT IS SO ORDERED.**

Dated: November 9, 2026

LISA J. CISNEROS
United States Magistrate Judge