*[Submitting Counsel Below]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: LYFT, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:26-MD-03171-RFL<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED AGENDA**<br><br>Judge: Hon. Rita F. Lin<br>Courtroom: 4 – 17th Floor |

In advance of the November 18, 2026 case management conference, Plaintiffs and Lyft, Inc. submit this Joint Case Management Statement and Proposed Agenda.

**PROPOSED AGENDA**

**I. Status of Plaintiffs' Case Filings**

**II. Discovery Update**

**A. Lyft's Ingestion and Processing of Custodial Data/Discovery Schedule and Collections Update**

**B. Privilege Order PTO 18**

**C. Lyft's Discovery Responses**

**D. Lyft's Order to Show Cause**

**III. Appointment of New PSC Member**

**IV. Update to Court on the JCCP**

## I. STATUS OF PLAINTIFFS' CASE FILINGS

As of November 11, 2026, there are 152 cases in this MDL, and approximately 2,000 plaintiffs coordinated in the JCCP.

## II. DISCOVERY UPDATE

### A. Lyft's Ingestion and Processing of Custodial Data/ Discovery Schedule and Collections Update

**Plaintiffs' Statement**

On October 9, 2026, Magistrate Cisneros ordered Lyft to complete ingestion and processing of custodial data by November 6, 2026. (Dkt. 461.) On November 4, 2026, Lyft filed it Administrative Motion to Extend Time for Ingestion and Validation of custodial data, seeking to extend the November 6, 2026 deadline to November 20, 2026. (Dkt. 486.) Plaintiffs objected to Lyft's request and filed an Opposition to the Administrative Motion on November 6, 2026. (Dkt 489.) On November 10, 2026, following a Discovery Conference and review of the relevant filings, Magistrate Cisneros continued Lyft's November 6, 2026, deadline for ingestion nunc pro tunc to November 9, 2026. (Dkt. 499.) Magistrate Cisneros has ordered the parties to meet and

confer and submit a Joint Status Report by 12pm PT on November 13, 2026. (Dkt. 499.)

To date, Lyft has made only two productions, consisting of 8,967 documents. Plaintiffs continue to have concerns regarding the timing of Lyft's productions in this litigation and the prejudice caused by Lyft's continued delays. Specifically, the continued delays reduce the time available for Plaintiffs to evaluate Lyft's productions, address privilege assertions, and conduct the discovery necessary to prepare their claims. Plaintiffs may seek relief from the Court by requesting that the Court order Lyft to produce the 91 custodians in three tranches on dates certain, with Plaintiffs having input into the custodians included in each tranche and the final tranche due no later than the January 4, 2027 substantial-completion deadline.

**Lyft's Statement**

On November 9, 2026, Lyft's e-discovery vendor completed ingesting 85 Terabytes of data from the 91 custodians (dozens more than in the Uber MDL) in this proceeding. That data yielded 34 million unique documents; 6.7 million documents in this set hit on the 293 Court-ordered search strings, with another 2 million documents as their family members. This set of 8.8 million documents reflects the pool of custodial data for which Lyft is conducting a responsiveness and privilege review. The team conducting that review comprises more than 100 people, and they are working alongside dozens of attorneys to meet the deadlines in this proceeding. (Lyft addresses those deadlines below.) As previously disclosed (Dkt. 412-1), Lyft is reviewing documents that hit upon search terms using TAR 2.0. Reviewers will analyze each document queued for review under TAR 2.0, and Lyft will make rolling productions of those documents as review continues. Documents are not reviewed on a custodian-by-custodian basis due to the manner in which the TAR 2.0 model operates (thus, production by "custodian" in tranches as Plaintiffs suggest is impractical). Lyft has made two productions thus far, and it will make additional rolling productions on a semi-regular basis until TAR 2.0 hits the "stopping point" under the review protocol.

Plaintiffs will have at least two opportunities to validate parts of the custodial discovery process, including validation of (1) the search strings they chose and the Court ordered and (2) the

TAR 2.0's stopping point. *First*, Plaintiffs will have the opportunity to review a random sample of documents that do not hit on the 293 search strings, in order to make arguments (or not) about strings they want to add. The parties expect that process to conclude in December. (If additional search terms are added, Lyft may need to review additional documents beyond the current pool of 8.5 million documents.) *Second*, once Lyft reaches the "stopping point," Plaintiffs will receive random samples from three categories of documents: (1) documents tagged responsive, (2) documents tagged non-responsive, and (3) a set of documents not otherwise reviewed for responsiveness consistent with the review protocol. The parties will then confer on issues, if any, identified in that process.

As detailed, Lyft's efforts at reviewing, and producing, documents has been consistent, and it is occurring alongside all of the other discovery tasks in which the parties are engaged and which have been resulting from the dispute-resolution process. (That discovery, of course, is focused on Lyft at this stage; Plaintiff-specific discovery will not occur until after bellwether selection, and therefore the bulk of Plaintiffs' counsel's efforts have been to press Lyft for information.) Notwithstanding its efforts or the fact that it will be making periodic rolling productions over the next seven weeks, given the expansiveness of document discovery in this proceeding, Lyft now has a concern that it will not be able to meet the January 4, 2027 substantial-completion deadline.

Given that ingestion of custodial data just finished and the parties are proceeding with Plaintiffs' search-term validation, Lyft does not currently have an anticipation date for substantial completion and it would benefit from the additional time between the November 18, 2026 conference and the December 9, 2026 conference to work with both its vendor and Plaintiffs to determine that date and assess what, if any, changes this would yield to the schedule. Lyft wanted to make the Court aware of this issue as it became known to the company, and it will continue to devote significant resources to document discovery so that it can substantially complete production as close to the January 4, 2027 deadline as possible.

**B. Privilege Order PTO 18**

The parties have completed their meet and confer discussions related to the Privilege Order

to be entered in this case. The parties anticipate presenting all remaining disputes to the Court via the PTO 18 process on Wednesday, November 11, 2026.

**C. Lyft's Discovery Responses**

**Plaintiffs' Statement**

The parties have exhaustively met and conferred regarding Defendants' Responses and Objections to Plaintiffs' Requests for Production of Documents. On November 6, 2026, Lyft served its Amended Responses to Plaintiffs' Requests for Production of Documents. Plaintiffs continue to have significant concerns regarding the lack of responses provided by Lyft and Lyft's continued attempts to unilaterally limit discovery in this case. Despite being served with written discovery on June 17, 2026, Lyft has not produced any substantive responses, including any production of non-custodial discovery, to date. Plaintiffs intend to raise these issues with Magistrate Cisneros through the PTO 18 process.

**Lyft's Statement**

Lyft is not "attempt[ing] to unilaterally limit discovery in this case." To the contrary, its written discovery responses referenced agreements reached through the parties' conferrals and invited further conferral where necessary. And Lyft has "produced … substantive responses," including documents, in this proceeding. Lyft understands zealous advocacy, but drive-by (unsupported) assertion serves no useful purpose in litigation.

**D. Lyft's Order to Show Cause**

On November 9, 2026, Lyft filed an Application for an Order to Show Cause, seeking to dismiss six cases being handled by two different firms for the alleged failure to file timely Plaintiffs' Fact Sheets. (Dkt. 490.) Plaintiffs' responses are due November 23, 2026, and Lyft's replies (if any), November 30.

## III. APPOINTMENT OF NEW PSC MEMBER

Plaintiffs request that the Court appoint Ellyn Hurd from Simmons Hanly Conroy to the Plaintiffs' Steering Committee. *See* attached Exhibit 1, resume for Ellyn Hurd. The PSC believes Ms. Hurd's extensive experience with the prior Ride Share Sexual Assault Litigation will assist the

advancement of this case. Pursuant to PTO 8, the co-leads can assign common benefit work as they see appropriate. Ms. Hurd (and Simmons Hanly Conroy) has already performed valuable work in this case and has expressed her intent to continue to do so.

## IV. UPDATE TO COURT ON THE JCCP

During the October 29, 2026 JCCP case management conference, the court asked the parties to communicate that the JCCP court was available to hold a joint conference with this Court as would be helpful to coordinating the proceedings and addressing common issues. The JCCP court suggested that such a conference could occur after the January 4, 2027 substantial-completion deadline, and include Judge Cisneros and the JCCP referee as warranted.

Dated: November 11, 2026

Respectfully submitted,

By: /s/ Rachel B. Abrams (*with permission*)

Rachel B. Abrams (SBN 209316)
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

Aimee Wagstaff (SBN 278480)
**WAGSTAFF LAW FIRM**
940 N. Lincoln Street
Denver, CO 80203
Telephone: (720) 255-7623
awagstaff@wagstafflawfirm.com

Roopal P. Luhana
**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

By: */s/s David Randall J. Riskin*

Beth A. Stewart (admitted *pro hac vice*)
David Randall J. Riskin (admitted *pro hac vice*)
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
bstewart@wc.com
driskin@wc.com

*Counsel for Defendant Lyft, Inc.*

Kristen L. Richer (SBN 315883)
**BARNES & THORNBURG LLP**
2029 Century Park East, Ste. 300
Los Angeles, CA 90067
Telephone: (310) 284-3880
Facsimile: (310) 284-3894
kricher@btlaw.com
jwes@btlaw.com

*Defense Liaison Counsel and*
*Counsel for Defendant Lyft, Inc.*

Nadine S. Kohane (admitted *pro hac vice*)
**BARNES & THORNBURG LLP**
390 Madison Ave., 12th Floor
New York, NY 10017
Telephone: (646) 746-2000
Facsimile: (646) 746-2001
nkohane@btlaw.com

**FILERS ATTESTATION**

Under Civil Local Rule 5-1(h)(3), I attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: November 11, 2026 By: */s/ David Randall J. Riskin*