[submitting counsel below]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE LYFT, INC. PASSENGER SEXUAL ASSAULT LITIGATION | No. 3:26-md-03171-LJC<br>MDL 3171<br>Judge: Honorable Lisa J. Cisneros<br>**STIPULATION REGARDING KEYWORD EXCLUDED VALIDATION** |
| This document relates to:<br>ALL ACTIONS | |

Pursuant to Local Rule 7-1, Plaintiffs and Lyft submit the below Stipulation regarding Keyword Excluded Validation. In support of the Stipulation, the parties state as follows:

WHEREAS, on September 20, 2026, the Court ordered validation of a set of Keyword-Excluded records (Dkt. No. 430);

WHEREAS, on October 9, 2026, the Court issued a further Order regarding that validation process (Dkt. 461);

WHEREAS, following Lyft's motion to extend time for ingestion and validation (Dkt. 486), the court continued Lyft's November 6, 2026 deadline nunc pro tunc to November 9, 2026 (Dkt. 499);

WHEREAS, in that same order (Dkt. 499), on November 10, 2026, the Court ordered the parties to meet and confer and stipulate to a new downstream schedule for that validation process;

THEREFORE, the parties submit the following stipulation regarding the schedule for validation of search terms:

**Commencement of Search Term Validation.** Search term validation commenced **November 11, 2026**. Lyft completed ingestion of the full custodial file, regardless of source, for all 91 custodians on **November 9, 2026**.

**Random Sample.** The population of ingested data as of November 9, 2026, shall be referred to as the "Search Term Validation Data Set." Once Lyft has completed application of the search terms determined by the Court to the Search Term Validation Set, Lyft will draw two simple random samples from the Search Term Validation Data Set: (1) a sample of documents included by search terms (the "Keyword-Included Sample") and (2) a sample of documents excluded by search terms (the "Keyword-Excluded Sample") (collectively the "Keyword Sample Sets"). The samples will be sized to estimate the prevalence of responsive documents in each set at a 95% confidence interval with a margin of error of plus or minus 2.5% ("95/2.5").

**Party Review.** Lyft will review both samples *de novo* for responsiveness and privilege, interleaved in random order, without the Court-ordered/agreed upon search terms highlighted on the face of the document. On **November 18, 2026**, Lyft will (1) provide a list of the Document IDs of

all non-privileged documents to be made available to Plaintiffs' Designated Attorney Reviewers,[1] and (2) make available to all Plaintiffs' Designated Attorney Reviewers all non-privileged documents in the Keyword Sample Sets, interleaved in random order without the Court-ordered/agreed upon search terms highlighted on the face of the document, via a secure secluded Disco environment inaccessible to Lyft. To the extent Plaintiffs may encounter any technical difficulties accessing the documents, Lyft will endeavor to work with Plaintiffs and its vendor to ensure that any technical issues are promptly resolved. Should any technical difficulties imped Plaintiffs' ability to access the documents or environment on November 18 the parties shall meet and confer immediately and promptly raise any issues impacting this schedule with the Court. On **November 21, 2026**, Lyft will provide a log of all privileged documents in the Keyword Sample Sets on a special "Search Term Validation Privilege Log" that logs privilege redactions on any partially privileged documents and identifies, for fully withheld documents, whether the document was coded responsive or non-responsive, in addition to the agreed-upon fields used on privilege logs in this litigation.[2] On or before **November 21, 2026**, Lyft shall also provide access to any partially-privileged redacted documents and documents the privilege status of which Lyft downgraded following further review. Plaintiffs' Designated Attorney Reviewers shall complete their review by **November 30, 2026**. Reviews not completed within this schedule shall be deemed waived absent Lyft's agreement to forgo or delay waiver, good cause, or leave of Court.

**Exchange of Information.** On **November 30, 2026, by 8:00 p.m. Pacific**, each Party shall provide to the other a list of documents, identified by Document ID number, that its review determined to be Responsive. By **December 1, 2026, at 9:00 a.m. Pacific**, Lyft shall identify to Plaintiffs which Document ID numbers were in the Keyword-Included Sample, and which

[1] By **November 16, 2026**, Plaintiffs will identify by name and email address its Designated Attorney Reviewers to Lyft.

[2] Pending before the Court is a PTO 18 submission regarding a proposed Privileged Materials Order (Dkt. 501), within which the parties set forth their respective positions regarding, among other disputes, a field Plaintiffs propose be included in each privilege log regarding the presence of third parties. Lyft opposes Plaintiffs' proposal. The Search Term Validation Privilege Log shall conform to the Court's ruling on that dispute or, to the extent an Order has not yet been entered by the time of this log, shall conform with non-disputed portions of the proposed log.

Document ID numbers were in the Keyword-Excluded Sample. By **December 2, 2026, at 3:00 p.m. Pacific**, the Parties shall log and record any disagreements regarding Responsiveness on a Keyword Validation Review Dispute Log (the "Log"), which shall be in a form to be agreed upon by the Parties.

**Determination of Prevalence.** By **December 2, 2026, at 5:00 p.m. Pacific**, Lyft shall: (1) provide the statistics (a), (b), (d), and (e) as set forth below; (2) provide the statistics (c) and (f) as set forth below using Lyft's initial coding decisions; (3) provide the statistics (c) and (f) as set forth below using Plaintiffs' initial coding decisions; (4) provide its calculations of Prevalence for both Keyword Sample Sets using Lyft's initial coding decisions, and (6) provide its calculations of Prevalence for both Keyword Sample Sets using Plaintiffs' initial coding decisions. Plaintiffs shall identify any disputes with the calculations within 48 hours of receipt. Estimated prevalence shall be calculated as follows:

(a) the number of documents in the keyword-excluded set;

(b) the number of documents sampled from (a) into the keyword-excluded set sample; and

(c) the number of documents in (b) that are coded responsive in the validation review;

(d) the number of documents in the keyword-included set;

(e) the number of documents sampled from (d) into the keyword-included set sample; and

(f) the number of documents in (e) that are coded responsive in the validation review.

An estimate of the prevalence of the Keyword-Excluded Set will be calculated as: (g) = (c) / (b). An estimate of the prevalence of the Keyword-Included Set will be calculated as follows: (h) = (f) / (e). An estimate of the number of responsive documents in the Keyword-Excluded Set will be calculated as follows: (i) = (g) * (a). An estimate of the number of responsive documents in the Keyword-Included Set will be calculated as follows: (j) = (h) * (d). An estimate of the combined prevalence of both sets will be calculated as follows: [(i) + (j)] / [(a) + (d)]. An estimate of the total number of responsive documents in both sets will be calculated as follows: (i) + (j).

**Disputes.** By **December 3, 2026, at 4:00 p.m. Pacific**, Plaintiffs shall identify to Lyft (1) any coding disputes they wish to raise with the Court, by Document ID number; and (2) if Plaintiffs wish to modify or add to search terms, the specific search terms they wish to add or modify. The

Parties shall meet and confer to resolve any differences in coding (or privilege) designations in the Keyword Sample Sets by **December 4, 2026, at 4:00 p.m. Pacific**. The Parties shall also meet and confer about the Prevalence rate in the Keyword-Excluded Sample, whether the keyword filter was too limited, whether responsive documents in that sample included novel or significant documents, and whether search terms need to be added or modified. If resolution cannot be reached on either or both issues, the Parties shall exchange a draft PTO 18 brief simultaneously at **noon Pacific on December 7, 2026,** with the final exchange of the Parties' respective submissions at **3:00 p.m. Pacific on December 7, 2026**. Plaintiffs shall file the PTO 18 brief on **December 7, 2026, by 5:00 p.m. Pacific**.

**Use of Documents.** The Stopping Criteria as referenced in the TAR protocol shall be calculated without using any metrics derived as part of this process. This review, and any data or validation metrics disclosed pursuant to the review, shall be treated as Confidential pursuant to the Protective Order, and shall be used solely for the purposes of Keyword-Excluded Validation Review and end-to-end validation as contemplated by the Court and any discussions, motions or hearings related to those purposes. Any documents to which Plaintiffs' Designated Attorney Reviewers have access for purposes of Keyword-Excluded Validation Review are provided for those limited purposes and for raising and resolving disagreements, if any, regarding coding of documents. Lyft will separately produce, with a Bates stamp and any necessary redactions for PII, any documents Lyft codes as Responsive (or the Court deems as Responsive following disputes) provided as part of this process. Lyft will also separately identify on operative privilege logs any responsive documents that were withheld in whole or in part as part of this process.

**IT IS SO STIPULATED.**

Dated: November 13, 2026

Respectfully submitted,

By: /s/ Rachel B. Abrams
Rachel B. Abrams (SBN 209316)
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
rabrams@peifferwolf.com

Aimee Wagstaff
**WAGSTAFF LAW FIRM**
940 N. Lincoln Street
Denver, CO 80203
Telephone: (720) 255-7623
awagstaff@wagstafflawfirm.com

Roopal P. Luhana
**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

By: /s/ Kristen L. Richer
Kristen L. Richer (SBN 315883)
**BARNES & THORNBURG LLP**
2029 Century Park East, Ste. 300
Los Angeles, CA 90067
Telephone: (310) 284-3880
kricher@btlaw.com

*Defense Liaison Counsel and Counsel for Defendant Lyft, Inc.*

Nadine S. Kohane (admitted *pro hac vice*)
**BARNES & THORNBURG LLP**
390 Madison Ave., 12th Floor
New York, NY 10017
Telephone: (646) 746-2000
nkohane@btlaw.com

Beth A. Stewart (admitted *pro hac vice*)
David Randall J. Riskin (admitted *pro hac vice*)
**WILLIAMS & CONNOLLY LLP**

680 Maine Avenue, S.W.
Washington, DC 20024
Telephone: (202) 434-5000
bstewart@wc.com
driskin@wc.com

*Counsel for Defendant Lyft, Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: November 16, 2026

Hon. Lisa J. Cisneros
United States Magistrate Judge