UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: LYFT, INC. PASSENGER SEXUAL ASSAULT LITIGATION

Case No. 26-md-03171-RFL (LJC)

**ORDER RESOLVING THE PARTIES' DISPUTES CONCERNING THE PROPOSED PRIVILEGE PROTOCOL**

Re: Dkt. No. 501

The parties have filed a joint discovery letter presenting a set of disputes regarding certain provisions of their Proposed Rule 502(d) and Privileged Materials Stipulation and Order (Proposed Privilege Order). Dkt. No. 501. Having reviewed the parties' letter, the Court rules as follows.

Regarding custodial logs (Paragraph 17), the Court adopts Plaintiffs' proposed paragraph. Given the reported pace of custodial production and the time needed to resolve privilege challenges before depositions, the producing party shall serve the privilege log for documents withheld or redacted from each custodial production within ten calendar days of that production. Paragraph 16's 30-day deadline continues to apply to non-custodial material.

Regarding new data sources (Paragraph 20), if the receiving party identifies a specific concern about whether the privilege log fields permit it to assess privilege claims for a newly logged data type or source, the parties shall confer within seven business days of the receiving party's written notice identifying the concern.

Regarding third-party participation (Paragraph ¶ 23), when a communication includes a third party who is neither a Lyft employee nor retained outside counsel, the log shall briefly identify the third party's role or other nonprivileged facts sufficient to explain why the asserted

United States District Court
Northern District of California

United States District Court
Northern District of California

privilege or protection applies despite that participation. To ensure that there are fields for the producing party to supply this information in a clear manner, the existing field (k), is disaggregated into three distinct fields: all bases for the privilege (e.g. attorney client privilege, work product; joint defense and/or common interest); the privilege holder(s); and the factual basis sufficient to support the claim that the document is privileged and/or protected.

Regarding JCCP logs (Paragraph 29), the parties shall retain the 60-day challenge period and the provision permitting Lyft to use its existing JCCP logs. However, the final sentence shall be replaced with the following: “If Plaintiffs identify a specific JCCP entry and explain what information is missing, Lyft shall provide the nonprivileged information reasonably necessary to assess the claim. The parties shall address any disagreement through the order’s dispute-resolution procedure.”

Within two business days, the parties shall file a joint stipulation with an updated version of the Proposed Privilege Order that incorporates the above noted rulings.

**IT IS SO ORDERED.**

Dated: November 17, 2026

LISA J. CISNEROS
United States Magistrate Judge