UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: LYFT, INC. PASSENGER SEXUAL ASSAULT LITIGATION

Case No. 26-md-03171-RFL (LJC)

**DISCOVERY MANAGEMENT ORDER**

At the November 18, 2026 discovery status conference, the Court reviewed the parties' progress toward the January 4, 2027 substantial completion deadline. Upon further consideration, the following orders are issued to advance corporate document discovery.

**I. RULE 30(B)(6) DEPOSITIONS.**

At the November 18, 2026 discovery status conference, the Court authorized three depositions of Lyft under Federal Rule of Civil Procedure 30(b)(6) concerning Lyft's non-custodial documents and electronically stored information (ESI). At these depositions Plaintiffs' counsel may explore (a) what documents and ESI exist on key issues in this MDL, (b) where and how Lyft stores them, (c) how Lyft makes them visible or accessible to its employees, and (d) how Lyft can produce them to Plaintiffs.

At the November 18 hearing, Plaintiffs asked that Lyft's deponents be prepared to access relevant systems during questioning to show Plaintiffs relevant information contained in those systems and to answer questions. Lyft objected that requiring such access would amount to an inspection of its systems. Plaintiffs may not inspect any Lyft information system at this time. Lyft's deponents need not have a laptop with them during questioning. However, Lyft shall make a laptop available to each deponent during any break so the deponent may consult it if necessary

United States District Court
Northern District of California

United States District Court
Northern District of California

or helpful in answering Plaintiffs' counsel's questions.

As directed by the Court, by November 23, 2026, Plaintiffs shall serve notices for any of the three authorized Rule 30(b)(6) depositions they intend to take. The parties shall complete any such depositions by December 10, 2026, unless the parties stipulate that the depositions are no longer necessary given information that Lyft provides in the interim.

## II. ROLLING PRODUCTION SCHEDULE.

At the November 18 hearing, Lyft estimated that its next custodial production would include 20,000 documents from 40 custodians and proposed making larger productions every two to three weeks. To account for the holidays and help meet the January 4, 2027 substantial completion deadline, Lyft shall make rolling productions of its responsive, nonprivileged records on each of the following dates:

- November 20, 2026
- December 4, 2026
- December 11, 2026
- December 18, 2026
- December 28, 2026
- January 4, 2027

## III. PRIVILEGE LOGS

In light of Lyft's continued objections to a 10-day deadline for serving privilege logs, the Court requested clarification at the conference about how Lyft could expedite their preparation. By 12:00 p.m. (PT) on November 23, 2026, Lyft shall file a declaration from its e-discovery vendor or a DISCO representative describing the available technologies and the workflows Lyft could implement for that purpose.

The Court's preliminary understanding is that technology-assisted review (TAR) can code documents it identifies as potentially privileged and that the e-discovery team can use that coding to generate draft privilege logs. Under that workflow, counsel reviews the draft logs and examines the underlying documents as needed before approving the final logs. The declarant shall confirm or correct that understanding as it applies to Lyft. After reviewing the declaration, the Court will

determine whether any further amendment to the privilege order is necessary.

**IT IS SO ORDERED.**

Dated: November 19, 2026

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California