[Submitting Counsel below]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: LYFT, INC. PASSENGER SEXUAL ASSAULT LITIGATION | **No. 3:26-MD-03171-RFL** |
| This Document Relates to: ALL ACTIONS | **[PROPOSED] PRETRIAL ORDER NO. __: RULE 502(D) AND PRIVILEGED MATERIALS STIPULATION AND ORDER** |

**A. Applicability.**

1. This Order shall be applicable to any privileged or otherwise protected or exempted information contained in deposition transcripts and/or videotapes, or provided in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations, and all other information or material produced, provided, made available for inspection, or otherwise submitted by any of the parties in this litigation pursuant to the Federal Rules of Civil Procedure, regardless of whether such information is produced in response to a specific discovery request, as well as testimony adduced at trial or during any hearing (collectively, "Information").

**B. Definitions.**

2. Privileged Material: Disclosure or Discovery Material, as defined in Pretrial Order No. 12, Stipulated Protective Order, subject to a claim of attorney-client privilege, work-product protection, or any other privilege or immunity from production.

**C. Production of Discovery Materials Containing Potentially Privileged Information.**

3. Pursuant to Fed. R. Evid. 502(d), the production of Privileged Material, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.

4. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, Electronically Stored Information ("ESI") as defined in Pretrial Order No. 19, or information (including metadata) for responsiveness and/or segregation of privileged and/or protected information before production.

5. The Producing Party must notify the Receiving Party within twenty-one calendar days, in writing, upon discovery that a document has been inadvertently produced for which the Producing Party asserts privilege and/or other protection (the "Clawback Notice"). The twenty-one-day period may be extended by agreement of the parties or by order of the Court upon a showing of good cause. The Clawback Notice shall include (i) the Bates range of the materials subject to the Clawback Notice and (ii) a privilege-log entry identifying the material(s) subject to the Clawback Notice. If the Producing Party claims that only a portion of the document contains Privileged Material, then the Clawback Notice shall include a new copy of the document (utilizing the same Bates number as the original document) with the Privileged Material redacted. If the Producing Party claims that the entire document is privileged or protected, then the Producing Party shall provide a slip sheet noting that the document has been withheld.

6. With each Clawback Notice, in addition to the requirements set forth in Section D (Privilege Logging), the Producing Party shall provide a Clawback Log that contains the following information: (i) Clawback notice number; (ii) date of the Clawback; (iii) Bates range for the Clawback; (iv) a brief description (not implicating work product) of the circumstances warranting Clawback (e.g., deposition, further review, etc.) (v) nature of the privilege being claimed; (vi) whether the document is being clawed back in whole or in part; and, if the document is being clawed back in part, (vi) a non-privileged or -protected description of the portion of the

document being clawed back. The log should be supplemented with each Clawback such that each version contains all previous clawbacks on the log along with the information this paragraph requires for the new Clawback. The log shall be produced in Excel format or such other format agreed to between the parties during the course of the litigation that allows for text searching, sorting, and organization of data.

7. Upon receipt of a Clawback Notice, all clawed-back Privileged Material; all copies thereof; and any analyses, memoranda, or notes or portions thereof which were internally generated and contain the item(s) listed in the Clawback Notice shall be sequestered, and the Receiving Party shall not use such information for any purpose except contesting the assertion of privilege or protection to the Court.

8. The Receiving Party may contest the Producing Party's assertion of privilege or other protection. In that instance, within seven business days from receipt of the Clawback Notice, the Receiving Party shall give the Producing Party written "Notice of Clawback Challenge" providing the reason for said disagreement. The Producing Party will have seven business days to respond to the Notice of Clawback Challenge, in writing, by either: (i) agreeing to withdraw the claim of privilege or other protection; or (ii) stating the reasons for the claim of privilege or other protection. If the Producing Party's response to the Notice of Clawback Challenge does not resolve the issue, the parties shall meet and confer within seven business days of the response. If the conference does not resolve the dispute, within ten business days of the conference, the parties shall submit the dispute to the Court for resolution in a joint letter brief, provided, however, that the running of this deadline may be tolled during the meet and confer process by agreement of the parties. The Producing Party retains the burden of establishing the applicability of the privilege or other protection as to any inadvertently produced materials and bears the burden of making the disputed materials available to the Court for *in camera* review if necessary. The joint letter brief must be filed under seal and the Receiving Party must not assert as a ground for compelling disclosure the fact or circumstances of the inadvertent disclosure of the document to the Receiving Party through the discovery process in this MDL. If the Receiving Party does not serve a "Notice of Clawback Challenge" within seven business days of receipt of the Clawback Notice, then all

copies of the disputed material, as well as any analyses, memoranda, or notes containing or reflecting the content of such material, shall be returned or destroyed. The parties may, by agreement, consolidate and batch multiple pending Clawback Challenges for simultaneous briefing and resolution.

9. Nothing in this Order precludes a Receiving Party from submitting the item(s) listed in the Clawback Notice to the Court in connection with any challenge to such notice that is raised in accordance with paragraphs 7 and 8. Such item(s) must be submitted in a manner that preserves their privileged or protected status, including by filing the clawed-back material under seal. The Receiving Party shall not use the content of the clawed-back item(s) in any briefing or other submission except to the extent necessary to describe the nature of the dispute for purposes of the Court's review.

10. If material is found to be privileged or protected following the Court's resolution of a challenge under paragraph 8, or the Receiving Party agrees that the document is properly designated as privileged or protected, consistent with Federal Rule of Civil Procedure 26(b)(5)(B), the Receiving Party shall promptly: (i) refrain from further copying or distribution of the subject materials; (ii) return or destroy all copies of the document, including reasonable steps to retrieve all copies that have been distributed to counsel or non-parties; and (iii) destroy the portion of any work product, analyses, memoranda, or notes that describes or contains the contents of the subject materials.

11. If, during a deposition, a Producing Party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains material that is privileged or protected, the Producing Party may: (a) allow the document to be used during the deposition without waiver of any claim of privilege or other protection; (b) instruct the witness not to answer questions concerning the parts of the document containing privileged or protected material; or (c) object to the use of the document at the deposition to the extent the entire document is privileged or protected, in which case no testimony may be taken relating to the document during the deposition until the matter is resolved by agreement or by the Court. If a privilege challenge is raised as to a document under this paragraph,

the Producing Party shall state on the record the basis for the claim of privilege or protection, and all parties shall sequester all copies of the document in accordance with paragraph 7. As to any testimony subject to a claim of privilege or other protection, the Producing Party shall serve a Clawback Notice within seven business days of receipt of the final transcript, after which the parties shall follow the procedures set forth in paragraphs 7 and 8. As to any testimony that is the subject of a Clawback Notice that is sent more than ten business days after receipt of the final transcript, the asserted privilege or protection will be deemed as waived absent good cause. As to any document subject to a claim of privilege or other protection, the Producing Party shall serve a Clawback Notice within seven business days of the deposition. Any document that is the subject of a Clawback Notice that is sent more than ten business days after the deposition, the asserted privilege or protection will be deemed as waived absent good cause. Pending determination of the Clawback dispute, all parties with access to the deposition transcript shall treat the identified testimony in accordance with paragraph 7. In the event that a party asserts a claim of privilege or protection over a document during a deposition and instructs the witness not to answer questions about the document (or portions thereof) or objects to the use of the document in the deposition pursuant to Section 11(b) or 11(c) above, and if that document (and/or portions thereof) is ultimately determined not to be privileged or protected, the party or non-party asserting the claim of privilege or protection will work with the deposing party to ensure that the deposing party is given a reasonable opportunity to depose the witness about the document; the parties shall meet and confer about the scope and duration of such deposition. In the case of party witnesses or any former employees of a party who is represented by counsel for such party, the subsequent questioning shall take place within a reasonable time of said determination, and in the case of other non-party witnesses it shall take place at the earliest practicable time for the witness, his, her or its counsel, and counsel for the parties herein.

12. If a Receiving Party uses Discovery or Disclosure Material in a brief or at a hearing that the Producing Party newly asserts contains privileged or protected material, the Producing Party shall serve a Clawback Notice within five business days of the brief being filed or hearing taking place. Thereafter, the procedures set forth in paragraphs 7 through 9 shall apply. As

to any document or testimony addressed in this paragraph that is the subject of a Clawback Notice that is sent more than ten (10) business days after the filing of the brief or conclusion of the hearing, the asserted privilege or protection will be deemed as waived absent a showing of good cause.

13. This Order does not preclude a party from intentionally and voluntarily waiving any claims of privilege or protection. The provisions of Federal Rule of Evidence 502(a) apply when a party uses privileged or other protected information to support a claim or defense.

14. The Parties may stipulate, without the need for Court approval, to narrow or extend the time periods specified in this Order.

**D. Privilege Logging.**

15. Unless otherwise provided in this Order, any document falling within the scope of any request for production or subpoena that is withheld on the basis of a claim of attorney-client privilege, work product, or any other claim of privilege or protection from disclosure is to be identified by the Producing Party on a privilege log, which the Producing Party shall produce in Excel format.

16. Within thirty calendar days of any non-custodial production containing Privileged Material, the Producing Party shall provide a privilege log or logs reflecting documents that have been redacted or withheld from that production. For documents logged on a document-by-document basis, the log shall contain the fields specified in paragraph 18. For documents logged by category, the log shall contain the information specified in paragraph 24. The log shall be produced in an electronic format (*i.e.*, Excel format) that allows text searching, sorting, and organization of data. The documents that are produced with redactions based on a claim of privilege shall be Bates numbered using the same Bates numbering format agreed to by the parties for regular document productions and shall be listed on the Producing Party's privilege log in Bates-number order. The documents withheld from production based on a claim of privilege will have a unique identifying number assigned to each document on the privilege log. The Producing Party shall produce a master privilege log in Excel format that shall be updated with each additional privilege log relating to subsequent production. Any modification to an individual entry

in subsequent privilege logs shall be specifically identified. The log shall have a field that contains the date of the production (or production number) to which the individual log entry relates. The log shall have a field that indicates whether a document was withheld from production entirely or if the document was produced with redactions of privileged information.

17. Notwithstanding the thirty-calendar-day period set forth in the preceding paragraph, for any production of a custodian's custodial files, the Producing Party shall provide the privilege log or logs reflecting documents redacted or withheld from that production within ten calendar days of producing that custodian's custodial files. The expedited privilege logging required by this paragraph is intended to facilitate the Parties' meet-and-confer process and to tee up any resulting privilege disputes before the Court as expeditiously as possible, so that documents that are de-designated through that process may be produced in a timely manner to proceed with depositions consistent with PTO No. 11. Privilege logs produced under this paragraph shall comply with all other requirements of this Order governing the form, content, and fields of privilege logs, and all procedures set forth in this Order for challenging privilege designations shall apply to such logs.

18. The privilege log shall log information required by Federal Rule of Civil Procedure 26(b)(5) and set forth the privilege or protection relied upon and specify separately for each document or redaction. Where appropriate, information shall be designated by metadata fields used in the Order Governing the Production of Electronically Stored Information and Hard Copies. The information and fields to be produced shall be limited to the following, to the extent available:

(a) Privilege Log Number;

(b) Bates-number range, if applicable (PRODBEGBATES, PRODENDBATES);

(c) Family relationship, if applicable (i.e., identification of parent emails and all attachments) (PRODBEGATTACH, PRODENDATTACH, ATTACHCOUNT);

(d) The name(s) of the author(s) and custodians (DOCAUTHOR, CUSTODIANS_ALL);

(e) Date (DATECREATED, DATELASTMODIFIED, DATERECEIVED, DATESENT, #DATEFIRSTMESSAGESENT, #DATEFIRSTMESSAGERECEIVED, #DATELASTMESSAGESENT, #DATELASTMESSAGERECEIVED, TIMESENT, TIMEZONE);

(f) Page Count (PGCOUNT);

(g) The names and email addresses of all addressees and recipients, including recipients copied and blind copied (FROM, TO, CC, BCC);

(h) The subject line of all email messages, unless the subject of the email itself contains privileged information, in which case the title may be redacted from the privilege log (EMAILSUBJECT);

(i) Where applicable, File Name unless the File Name itself contains privileged information, in which case the File Name may be redacted from the privilege log (FILENAME; DOCTITLE);

(j) Indication whether a document is an Email, Document, Standalone Document, or Attachment (DOCUMENT TYPE);

(k) A concise description of the document or redaction, identifying the nature of the document, the privilege designation (e.g., attorney-client, attorney work product, joint defense and/or common interest, etc.), the privilege holder(s), and/or the factual basis sufficient to support the claim that the document is privileged and/or protected (PRIVILEGE DESCRIPTION)

(l) An indication of whether the document has been produced in redacted form or withheld in its entirety (REDACTIONS);

(m) The general category of redaction reason (REDACTION TYPE);

(n) The names and email addresses of all users who participated in a messaging chat (PARTICIPANTS);

(o) The messaging application group name, unless the name of the room or chat itself contains privileged information, in which case the name may be redacted from the privilege log (ConversationID, ConversationName, Workspace/Team Name);(p) The

PRODVOL to which the individual log entry relates; and

(q) A field indicating if an individual log entry has a modification related to a privilege designation in subsequent privilege logs (Yes/No).

(r) A field, (if field (q) is Yes) that indicates how the individual log entry has been modified from previous privilege logs and the identification of the previous privilege log that has been modified.

In the event a Producing Party's privilege log is missing any of the above-enumerated fields for a particular entry, the Receiving Party shall provide written notice identifying the deficient entries, and the Producing Party shall have seven business days to supplement, correct the log, or advise that such enumerated fields are unavailable.

19. The Parties shall meet and confer in good faith within seven business days after the first log is produced regarding the structure and contents of the Producing Party's privilege log, including whether any modifications are necessary to enable the Receiving Party to assess the asserted claims of privilege or protection in accordance with Federal Rule of Civil Procedure 26(b)(5).

20. In the event a data type or source was not included in any prior log, if the receiving party identifies a specific concern about whether the privilege log fields permit it to assess privilege claims, the Parties shall meet and confer in good faith within seven business days of the receiving party's written notice identifying the concern.

21. Attachments to emails shall be logged as separate documents on the log, with family relationships identified.

22. Attorneys or their staff must be identified on the log with an asterisk (or similar notation). The Producing Party shall also produce a list of attorneys and their staff on the privilege log. In the event an error on a produced log is discovered, the Producing Party shall promptly produce a corrected, replacement log. An inadvertent failure to identify attorneys or their staff in accordance with this paragraph will not be deemed a waiver or impairment of the party's claim of privilege.

23. The Receiving Party may make reasonable requests, on an individual basis or specified group basis and for good cause, that the Producing Party provide (a) in alphabetical order (by last name, then first name of such individual(s)); (b) aliases for such individuals; (c) the job title of such individuals; and (d) the employer of such individual(s) at the time of the communication. This list shall be produced by the Producing Party in an electronic format (e.g., Excel format) that allows text searching, sorting, and organization of data, and it shall be produced in a cumulative manner, so that each subsequent list includes individuals from the prior lists. Nothing in this paragraph shall be construed to allow the Receiving Party to request this information for every individual listed in the log. If any individual identified on the privilege log is a third-party participant in a communication or document who is neither an employee of a Defendant nor retained outside counsel, the Producing Party shall briefly identify the third party's role or other nonprivileged facts sufficient to explain why the asserted privilege or protection applies despite that participation.

24. Documents withheld on the basis of privilege and/or work product protection may be grouped into categories based on content, and a categorical privilege log prepared, including a description of the nature or general subject matter of the communications for each category sufficient to support the claim that the documents within the category are privileged and/or protected, and sufficient to enable the requesting party to make an intelligent determination about the validity of the assertion of privilege. The categorical log shall also include the following data for each document within the category, to the extent available:

(a) Bates-number range, or if no Bates number range, a unique document identifier;

(b) Family relationship, if applicable (*i.e.*, identification of parent emails and all attachments);

(c) The names of the author(s);

(d) The names of all addresses and recipients, and recipients copied and blind copied;

(e) The document date; and

(f) An indication of whether the document has been produced in redacted form or withheld in its entirely.

Notwithstanding the foregoing, the decision to log documents on a categorical basis does not waive the party's right to adjudicate any challenge(s) to privilege on a document-by-document basis. Nor does the foregoing preclude the Receiving Party from seeking relief from this provision allowing for some use of categorical logs. A Receiving Party may seek relief by making a showing to the Court that (a) a document-by-document listing of withheld documents included in the categorial log would not be unduly burdensome given the needs of the case, and (b) additional material would aid in assessing whether the privilege or protection claim is well grounded.

25. Notwithstanding the foregoing requirements, log identification is not required for the following categories of Privileged Material:

(a) Communications related solely to the representation of a client in this litigation, in *In re Lyft Rideshare Cases*, No. CJC-20-005061 (Cal. Super. Ct., S.F. Cnty.), or in any individual litigation within such coordinated proceedings, and created on or after September 1, 2019 within a law firm, or exclusively between or among law firms, or between a party's in-house counsel and outside counsel, serving as a party's outside counsel, as well as its employees and support staff;

(b) Attorney work product and trial preparation materials related solely to this litigation created on or after September 1, 2019 by a party's attorney, in-house counsel, outside counsel, or any consultant or expert retained at the direction of counsel, including their employees and support staff;

(c) Communications between or among counsel for Plaintiffs related solely to the litigation of this proceeding or the actions captioned IN RE: LYFT, INC. PASSENGER SEXUAL ASSAULT LITIGATION, MDL No. 24-MD-3171-RFL, in *In re Lyft Rideshare Cases*, No. CJC-20-005061 (Cal. Super. Ct., S.F. Cnty.) (or any individual litigation within such coordinated proceedings) created on or after September 1, 2019.

(d) Communications between or among any party and any expert retained at the direction of counsel in connection with this litigation or any related proceeding and created on or after September 1, 2019.

26. The Parties acknowledge that the use of technology-assisted review ("TAR"), predictive coding, automated classification tools, and other review technologies for privilege identification, screening, and log generation is expressly authorized under this Order. The use of such tools shall not create an independent basis for challenging the adequacy of a party's privilege review or the sufficiency of its privilege log entries. Prior to the use of TAR to perform privilege review and/or produce a privilege log, as contemplated by this Order, Producing Party shall disclose this to the other party and meet and confer as addressed in Pretrial Order No. 19 Order Governing Lyft's Production of Electronically Stored Information and Hard Copy Documents, Section 10.

27. After the receipt of a privilege log, any party may dispute a claim of privilege or protection. Prior to seeking Court intervention, the party disputing a claim of privilege or protection shall provide in writing the identification of the documents or category of documents for which it questions the claim of privilege or protection and the reasons for disputing the claim within fourteen calendar days. Within fourteen calendar days of receiving written identification of a disputed entry, the party that designated the documents as privileged or protected will provide a written response explaining the basis for its claim, or if applicable, de-designate the documents. Thereafter, if the parties continue to disagree, they will meet and confer in good faith as to the claims of privilege. If agreement has not been reached after twenty-one calendar days of the designating party's written response, the parties shall submit the dispute to the Court for resolution. The parties may consolidate and batch multiple privilege log challenges for simultaneous briefing and resolution and shall endeavor to do so where practicable to reduce burden on the Court.

28. For purposes of facilitating dispute resolution without Court intervention, the Producing Party may, in its discretion, permit a limited number of designated counsel for the Receiving Party to review a disputed document or information on an attorneys'-eyes-only basis,

without waiver of any asserted privilege, protection, immunity, or objection. Any such review shall be solely for the purpose of assessing the asserted claim of privilege or protection and shall not constitute a waiver in this action or any other federal or state proceeding. The Receiving Party shall not copy, retain, disclose, summarize, or otherwise use the disputed material for any purpose other than evaluating the privilege claim, absent agreement of the Parties or further order of the Court.

29. To the extent MDL Plaintiffs wish to challenge any privilege designation with respect to the JCCP logs/productions in the MDL, MDL plaintiffs shall do so within 60 days of entry of this order. Any such challenges shall be made and adjudicated in accordance with the provisions of this Order. No such challenge shall require Lyft to produce MDL-compliant or otherwise reproduced privilege logs to replace the privilege logs produced in the JCCP and reproduced in this litigation in Excel format. If Plaintiffs identify a specific JCCP entry and explain what information is missing, Lyft shall provide the nonprivileged information reasonably necessary to assess the claim. The parties shall address any disagreement through this order's dispute resolution procedure.

30. **Reservation of Privilege Challenges for Non-Priority Subject Matter.** To reduce potential burden on the Court, the Receiving Party may identify individual entries on the Producing Party's privilege log that the Receiving Party does not believe are properly withheld as privileged or protected, but which the Receiving Party elects not to challenge at that time because the underlying subject matter is not currently relevant or material to the claims or defenses in this Litigation ("Reserved Challenges"). To invoke this reservation, the Receiving Party shall provide written notice, within fourteen calendar days of receiving a privilege log, to the Producing Party identifying the specific log entries subject to the Reserved Challenge. Upon receipt of a Reserved Challenge notice, the Producing Party shall have no obligation to produce the identified documents, provide additional information regarding the privilege claim, or otherwise respond, unless and until the Receiving Party affirmatively elects to pursue the challenge. The Receiving Party's decision not to challenge such entries shall not constitute a waiver, forfeiture, or abandonment of the Receiving Party's right to challenge those entries at a later time, including but

not limited to during motion practice, in connection with trial preparation, or if the subject matter becomes relevant to the Litigation. If the Receiving Party later elects to pursue a Reserved Challenge, the Receiving Party shall provide written notice to the Producing Party at least ten calendar days before initiating the dispute-resolution process, and the Parties shall meet and confer in good faith within fourteen calendar days to attempt to resolve the dispute; provided, however, that any Reserved Challenge must be activated no later than seventy-five days prior to the applicable discovery cutoff to ensure sufficient time for resolution.

31. All privilege and clawback related correspondence provided to Plaintiffs shall be sent to lyftmdlprivilege@peifferwolf.com.

32. Any deadline imposed by this Order may be extended by agreement of the parties or upon a showing of good cause, including, but not limited to, the need to challenge multiple Clawback Notices at once or the need to respond to multiple Clawback Challenges or challenges to assertions of privilege at once.

33. Nothing in this Order overrides an attorney's ethical responsibility to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the disclosing party that such materials have been produced.

**IT IS SO STIPULATED.**

Dated: November 19, 2026

Respectfully submitted,

By: */s/ Rachel B. Abrams*

Rachel B. Abrams (SBN 209316)
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
rabrams@peifferwolf.com

Aimee Wagstaff
**WAGSTAFF LAW FIRM**
940 N. Lincoln Street
Denver, CO 80203
Telephone: (720) 255-7623
awagstaff@wagstafflawfirm.com

Roopal P. Luhana
**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

By: */s/ Kristen L. Richer*

Kristen L. Richer (SBN 315883)
**BARNES & THORNBURG LLP**
2029 Century Park East, Ste. 300
Los Angeles, CA 90067
Telephone: (310) 284-3880
kricher@btlaw.com

*Defense Liaison Counsel and Counsel for Defendant Lyft, Inc.*

Nadine S. Kohane (admitted *pro hac vice*)
**BARNES & THORNBURG LLP**
390 Madison Ave., 12th Floor
New York, NY 10017
Telephone: (646) 746-2000
nkohane@btlaw.com

Beth A. Stewart (admitted *pro hac vice*)
David Randall J. Riskin (admitted *pro hac vice*)
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone: (202) 434-5000
bstewart@wc.com
driskin@wc.com

*Counsel for Defendant Lyft, Inc.*

**IT IS SO ORDERED.**

Dated:

______________________________
Hon. Lisa J. Cisneros
United States Magistrate Judge

**<u>SIGNATURE ATTESTATION</u>**

I hereby attest that I am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 4-1(i)(3), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: November 19, 2026

Respectfully submitted,

**BARNES & THORNBURG LLP**

By: *Kristen L. Richer*
Kristen L. Richer

*Counsel for Lyft, Inc.*