United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: LYFT, INC. PASSENGER SEXUAL ASSAULT LITIGATION

Case No. 26-md-03171-RFL (LJC)

**ORDER REQUIRING LYFT TO IDENTIFY JCCP DOCUMENTS RESPONSIVE TO MDL REQUESTS FOR PRODUCTION**

Re: ECF No. 482

The parties' October 28, 2026 joint letter concerns Lyft's reliance on its production from the Judicial Council Coordinated Proceeding No. 5061 (JCCP) to answer certain MDL requests for production (RFPs). ECF No. 482. Plaintiffs ask the Court to require Lyft, within seven days of this Order, to serve supplemental responses for each Request for Production in which Lyft relies upon the JCCP Production to respond, and that the supplemental responses:

1. identify by Bates range the JCCP documents Lyft contends are responsive, or state that none are;
2. state whether Lyft is withholding documents on the basis of its cumulative objection or its definition of the Relevant Time Period; and
3. for 38 Requests identified in Section C, identify the custodians, non-custodial sources, and date range the JCCP search covered for that subject matter.

The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' requests for discovery relief.

## I. BACKGROUND[1]

On June 17, 2026, Plaintiffs in this MDL served on Lyft 169 Requests for Production. ECF No. 482 at 3. In the requests, Plaintiffs asked Lyft to identify responsive documents by Bates numbers. *Id.* At that point in time, pursuant to Pretrial Order No. 6, Lyft was required to have reproduced the discovery that had been served previously as part of the JCCP. ECF No. 88 at 2. The JCCP production covered 2012 to 2021, with a 2022-2023 refresh limited to certain custodians' data. ECF No. 482 at 4.

On August 4, 2026, Lyft served its responses and objections which did not include any Bates numbers to identify to which documents were responsive to which of the 169 requests. *Id.* at 3. With respect to Plaintiffs' request for Bates numbers, Lyft stated it "will identify responsive documents in the manner required by the Federal Rules and Pretrial Order No. 19." *Id.* In response to 102 requests for production, Lyft objected that each request was cumulative or duplicative of "documents already disclosed in the JCCP production." *Id.* "In eight responses, Lyft referred Plaintiffs to the JCCP production in lieu of a response altogether." *Id.*

Lyft argues that it originally objected to Plaintiffs' 169 overly broad document requests on the grounds that the JCCP production should limit the scope of discovery in the MDL. *Id.* at 6. Plaintiffs argue Lyft defined the "Relevant Time Period as "a non-duplicative time period post-dating Lyft's prior production of materials covered by the Request."[2] *Id.* at 4.

During the meet and confer process, Lyft adjusted its position in some respects, though it continued to resist providing Bates ranges. Lyft stated that it would (1) remove from its responses and objections to MDL Plaintiffs' RFPs the references to the prior JCCP productions, which reflected its prior position that it would not re-search the original JCCP custodians' files to

[1] The history concerning this dispute draws from the parties' joint letter and the accompanying exhibit that included email correspondence reflecting that they met and conferred over the course of several weeks in October regarding the issues in their joint letter.

[2] Two weeks after Lyft served its discovery request, the parties' dispute concerning the time frame for document discovery in this MDL appeared to emerge. Plaintiffs reported that they were reviewing Lyft's August 4, 2026 responses and objections to written discovery, noting their position that the scope of the JCCP production was not adequate for the MDL and asking that "proposed search terms be applied across all custodians and cross all time frames." ECF No. 329 at 3. Lyft reported that it had made its own proposal for the date ranges that should apply to the document discovery. *Id.*

respond to MDL Plaintiffs' discovery requests, and (2) that it would provide Plaintiffs' with "a metadata overlay file (where possible) that provides updated metadata for the prior JCCP-produced documents." ECF No. 482-1 at 4. The supplemental metadata would be "consistent with the fields identified in the ESI Protocol, where available." *Id.* at 3. Lyft later noted that "actually running the overlay will require ingestion and completion of the MDL collections (and deduplication of the new collections against the JCCP production.)" *Id.* at 2. The parties further clarified that Lyft also intended to "deduplicate the data it is collecting against the existing JCCP productions (such that it would not produce the same document twice."). *Id.* at 3-4.

## II. LEGAL STANDARD AND RELEVANT PRETRIAL ORDERS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonable accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B).

Rule 34 of the Federal Rules of Civil Procedure governs requests for the production of documents, including electronically stored information, as well as responses to such requests. Rule 34(b)(2) addresses responses and objections to requests for production: "A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). "An objection must state whether any responsive materials are being withheld on the basis of [an] objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

In Pretrial Order No. 6, Judge Lin required that "Lyft shall substantially complete its production of the documents, as produced in the Judicial Council Coordinated Proceeding . . . by May 1, 2026." ECF No. 88 at 2. Pretrial Order No. 19, also known as the "Lyft ESI Order" or the

ESI protocol, governs the discovery of electronically stored information in this MDL and serves as a "supplement to the Federal Rules of Civil Procedure," as well as this District's Guidelines for ESI discovery and Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information. ECF No. 297 at 1 (describing the purpose of the Lyft ESI Order). The protocol includes a provision that addresses "Re-productions" from another litigation. Lyft ESI Order, § 20(e). "[D]iscrete sets of documents from another litigation . . . may be re-produced in the same form as originally produced in the other matter. However, metadata produced with those productions shall include a field that describes the litigation in which the documents were previously produced." *Id.*

With respect to metadata, the ESI protocol further states, "Defendant shall use methods of collection and processing that preserve the integrity of document metadata," and the various types of associations between related documents. Lyft ESI Order, App'x 1, § 4. "The metadata fields detailed in Appendix 2 should be produced for each Document to the extent that such information is available or, in the case of metadata created during processing such as Bates numbers created at the time of collection and processing, except that if a field contains privileged information, that privileged information may be redacted and noted in a corresponding privilege log." *Id.*

The ESI protocol states, as described above, that the reproduction of discovery from prior litigation may be "in the same form as originally produced." However, metadata produced with those productions shall include a field that describes the litigation in which the documents were previously produced.

## III. ANALYSIS

Lyft contends that providing the Bates numbers for the JCCP documents that are responsive to each of Plaintiffs' document requests is not required by Rule 34 or the ESI protocol and, furthermore, would be an unduly burdensome, "empty" exercise. ECF No. 482 at 6.

### A. Pretrial Order No. 6

Before addressing whether Lyft's responses to Plaintiffs' requests, without the Bates ranges, satisfies the ESI protocol and Rule 34, the Court first addresses whether it complies with Judge Lin's Pretrial Order No. 6. Judge Lin required the reproduction of JCCP documents "as

produced" in the JCCP. Plaintiffs contend that the JCCP document production should have complied with California Code of Civil Procedure § 2031.280, which would have required the identification of produced documents (or categories of documents) keyed to the specific request number that they answer, including citations to specific Bates numbers or ranges. Yet it is undisputed that the discovery referee in the JCCP did not hold Lyft to such a requirement in its JCCP production. Therefore, Lyft did not provide the Bates number ranges to the JCCP Plaintiffs as part of its JCCP production. Insofar as Lyft has not provided the Bates number ranges with its reproduction in the MDL, this manner of reproduction does not violate Pretrial Order No. 6.

**B. ESI Protocol**

Nothing in the ESI protocol plainly requires Lyft to identify by Bates range the JCCP documents that are responsive to a given request for documents that Plaintiffs served in this MDL. The protocol contemplates that the JCCP reproduction would include the metadata that was originally produced as part of the JCCP production, but it does not impose any new requirement, such as Bates ranges for each MDL document request. *See* Lyft ESI Order, § 20(e) (adding a requirement that "metadata produced with those [re]productions shall include a field that describes the litigation in which the documents were previously produced."). Again, Judge Lin required that Lyft shall reproduce its documents, "as produced in the Judicial Council Coordinated Proceeding," and the metadata included the JCCP production must be included with the reproduction. However, the ESI protocol did not add any new requirement, except for one particular new metadata field that it identified.[3]

**C. FRCP 34(b) and Proportionality Concerns**

At the hearing, Lyft argued that the metadata overlay that it is now willing to produce allows Lyft to satisfy Rule 34(b), which requires that a responding party "must produce documents as they are kept in the usual course of business ***or*** must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i) (emphasis added). That is, Lyft

[3] Lyft correctly notes that the Court declined to require Lyft to conform the JCCP reproduction with the requirements in the ESI protocol adopted in this MDL, considering the possibility that metadata fields in the JCCP and MDL could differ. *See* ECF No. 286 at 11.

contends that the metadata functionally serves as a method of producing documents in the manner "they are kept in the usual course of business." *Id.* First, the Court observes that the metadata overlay was not part of Lyft's original position, though at the time Lyft was arguing that in many respects the JCCP reproduction itself could satisfy the discovery needs in this MDL. *See* ECF No. 329 at 3–4. Yet when Lyft later relied on that reproduction to answer the MDL RFPs, it had neither identified the responsive Bates ranges nor shown that the metadata already supplied allowed Plaintiffs to reconstruct how Lyft kept the records in the usual course of business. Accepting Lyft's October offer of a later overlay as sufficient would leave those responses incomplete while Lyft determined which additional fields it could supply for which records.

The Court is not persuaded that the metadata overlay converts Lyft's reproduction into a production of documents "kept in the usual course of business." The May reproduction reflects a collection assembled for litigation, not as collected in the usual course of business. Rule 34's usual-course inquiry concerns "a party's substantive business operations," not "as documents have been compiled and maintained in response to discovery in a prior case, as litigation has become an integral part of its 'business.'" *Google, Inc. v. Am. Blind & Wallpaper Factory, Inc.*, No. 03-CV-5340 JF (RS), 2006 WL 5349265, at *4 n.3 (N.D. Cal. Feb. 8, 2006).

On the record before this Court, Lyft's supplemental metadata does not make its responses to the MDL document requests compliant with Rule 34(b). The metadata overlay will be delayed, as running the overlay will require ingestion and completion of the MDL collections, as well as deduplication against the JCCP production. Lyft acknowledges that the metadata overlay may not work for every JCCP document that was reproduced, and it makes no representation that the overlay will work for most, or a substantial number of, JCCP documents for metadata fields, such as the fields identifying custodians and original file paths. The parties' email correspondence indicates that Plaintiffs "had concerns regarding metadata for certain production volumes of the JCCP production." ECF No. 428-1 at 4. It is not clear that an overlay of the metadata following the MDL ESI protocol would be a comprehensive and functional method for reviewing documents to understand Lyft's substantive business operations as they relate to important issues in this case.

Finally, Lyft argues the Plaintiffs' request for Bates ranges is burdensome and violates

Rule 26(b)'s protection against disproportionate discovery. ECF No. 482 at 7. Lyft says its May reproduction of approximately 200,000 corporate documents identified the 53 custodians, custodial sources, search terms, and time periods. It also reports identifying discrete sets of documents during conferences. *Id.* at 6–7. Lyft urges that preparing the Bates ranges is "time-consuming and ultimately meaningless," as the JCCP production is "fully text-searchable and loaded with metadata," and thus, "Plaintiffs here can locate documents on any topic as readily as Lyft can." *Id.* at 7.

A production of ESI that is fully text-searchable and contains metadata does not place Plaintiffs in a "readily" similar position to Lyft because they do not have a comparable understanding of the company's substantive business operations as they relate to the key topics at issue in this MDL. Without a similar understanding of business operations, Plaintiffs' ability to use effectively the search function to locate key documents is lesser in comparison to Lyft's counsel or subject matter experts. ESI discovery has been around for more than a generation, and Lyft has not pointed to controlling or persuasive authority that such attributes in a production necessarily warrant setting aside the requirements established in Rule 34(b)(2)(E)(i). *See Advisory Committee Note on Rules – Rule 2006 Amendment*. Rule 34(b) was drafted "to protect against deliberate or inadvertent production in ways that raise unnecessary obstacles for the requesting party." For that reason, the Court declines Lyft's burden argument as a basis to set aside, on a wholesale basis, Rule 34(b)'s requirement that a "party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."

The decision in the Uber MDL is not persuasive either, because it address the parties' competing representations in a joint discovery status report and the plaintiffs there requested "an itemized list of materials [Uber] has produced" in response to each of Plaintiffs' discovery requests. *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, No. 23-md-03084-CRB, ECF No. 2320 at 3 (N.D. Cal. Feb. 10, 2025) (Uber Order). Here, Plaintiffs seek to require Lyft to identify, by Bates range, the already produced JCCP documents it contends are responsive to each of Plaintiff's requests. Plaintiffs' formulation of their request is closer to the language of Rule

34(b), which alternatively requires the responding party to "organize and label [its document production] to correspond to categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). Furthermore, the Uber Order directed counsel to confer on "a narrowly tailored subset of particularly important document requests." Uber Order at 3.

Here, requiring Plaintiffs to prioritize their requests is warranted, considering that they did not dispute Lyft's claim that their 169 requests included often overlapping requests. In addition, Plaintiffs have had the corpus since May, and some members of MDL leadership negotiated the JCCP discovery. ECF No. 482 at 6–8. Given the length of time Plaintiffs have had with the JCCP production, there has been an opportunity to review and understand to some extent what information is included in that production. Requiring Plaintiffs to prioritize their requests and staggering Lyft's responses will account for the burden of matching the records to the requests. It is also the case that, at this stage of the discovery, Lyft must focus its efforts on meeting the substantial completion deadline. Lyft did not dispute Plaintiffs' representation that Lyft already knows which JCCP documents respond to thirty-eight of its requests for production. ECF No. 482 at 4.

For each RFP that Plaintiffs designate as a priority, Lyft shall serve a supplemental written response identifying by existing JCCP Bates number or range the documents it contends are responsive, including responsive records omitted as duplicates from the MDL production. Plaintiffs shall designate 40 RFPs in the first round, and 50 additional RFPs in the second round; Lyft shall serve its supplemental responses by the dates below:

| **Plaintiffs' designation due** | **RFPs to designate** | **Lyft's response due** |
|---|---|---|
| November 25, 2026 at 10 am | 40 | December 4, 2026 |
| January 4, 2026 | 50 additional | January 29, 2027 |

This order is without prejudice to a future request from Plaintiffs for an order requiring Lyft to supplement their responses for more of its requests for production.

**D. Plaintiffs' Remaining Requests for Discovery Relief**

Plaintiffs ask this Court to order Lyft to state whether it is withholding documents on the basis of its cumulative objection or its definition of the Relevant Time Period. ECF No. 482 at 4-

5. Of the 102 of Lyft's original responses that rely on the JCCP production, nineteen state that Lyft will not produce documents. *Id.* The other eighty-three responses assert the objection "subject to and without waiving" it. *Id.*

Lyft now states in the joint letter that it has withdrawn its objections and responses based on the JCCP production, and it has agreed to run all MDL search terms against the JCCP. However, Lyft also plans to deduplicate its MDL productions against the JCCP production which, in a sense, is an objection to re-reviewing and re-producing information that was previously included in the JCCP production, regardless of Lyft's assertion in the joint letter that it has withdrawn its cumulative objection. By December 4, 2026, for clarity of the record of discovery responses, Lyft shall serve amended responses to Plaintiffs requests that explain in full its new position, but Lyft need not identify by Bates number or range the JCCP documents that are responsive for a given MDL request, unless the request is designated by Plaintiffs for such supplemental information as authorized above.

With respect to the production of ESI, deduplication of records is common and, in this context, the deduplication will allow Lyft to avoid duplicative document review. Plaintiffs raise concerns that the metadata overlay may not work for the previously produced JCCP records and they will not know which JCCP documents are responsive to their MDL document requests without the Bates numbers. For the reasons explained above, the Court declines to order Lyft to provide the Bates ranges such that every JCCP document is linked to the MDL document request(s) to which it is responsive, even those JCCP documents that would otherwise have been produced twice—once as part of the JCCP reproduction and again as responsive to MDL document requests and associated search terms—but for deduplication. The Court notes that, as explained earlier in this Order, the ESI protocol requires that the metadata for the reproduced documents include a metadata field identifying that it was produced earlier in the JCCP. Lyft ESI Order, § 20(e). Though this is not the same as having the Bates ranges for JCCP records that are responsive to the MDL requests, Plaintiffs will have the opportunity to designate some of the MDL requests for production as a priority, including those important enough to require Lyft to provide Bates ranges.

Lastly, Plaintiffs request that the Court order Lyft to identify the custodians, non-custodial sources, and date range the JCCP search covered for that subject matter regarding the thirty-eight RFPs they identified in Section C of their portion of the joint letter. The Court is unable to understand how Plaintiffs' arguments in Section C line up with this request for discovery relief and, given the search parameters already disclosed and the broader MDL searches, the request is denied. To the extent that Lyft did not dispute Plaintiffs' contention that it already knows which JCCP documents are responsive to the thirty-eight requests, Plaintiffs are able to designate those requests for Lyft to provide Bates ranges in the first round of supplemental responses authorized above.

## IV. CONCLUSION

Plaintiffs' request for an order compelling Lyft to identify by Bates range the JCCP documents Lyft contends are responsive, or state that none are, is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs are authorized to designate up to ninety RFPs wherein Lyft shall identify the Bates number or ranges of JCCP documents that are responsive to the particular RFP served in this MDL on the schedule set forth above.

Regarding Plaintiffs' request for an order compelling Lyft to state, with respect to 102 responses, whether it is withholding documents on the basis of its cumulative objection or its definition of the Relevant Time Period, this request is **GRANTED IN PART AND DENIED IN PART**. By December 4, 2026, for clarity of the record concerning Lyft's discovery responses, Lyft shall serve amended responses to Plaintiffs' requests that explain clearly and in full its new position, but Lyft need not identify by Bates number or range the JCCP documents that are responsive for a given MDL request, unless the request is designated by Plaintiffs for such supplemental information, as authorized above. If Plaintiffs later designate certain RFPs for Bates information by January 4, 2026, as permitted above, then Lyft will be required to provide another supplemental response that incorporates that information.

//

//

//

Plaintiffs request that the Court order Lyft to identify the custodians, non-custodial sources, and date range the JCCP search covered for that subject matter regarding the thirty-eight RFPs they identified in Section C of their portion of the joint letter. This request is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 23, 2026

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California